14968

GENTRY v. YORKSHIRE INS. CO., LIMITED, OF YORK, ENGLAND

(5 S. E. (2d), 565)

August, 1938.

*Messrs. Donald Russell* and *Rufus M. Ward,* for appellant,

*Messrs. Mann & Arnold,* for respondent,

November 17, 1939.

The opinion of the Court was delivered by MR. CHIEF JUSTICE STABLER.

This is a controversy between two insurance carriers. In March, 1935, J. L. Gentry, who owned an Auburn sedan of the approximate value of $1,100.00 secured from the defendant company a policy of insurance covering the car against loss or damage from fire, lightning and transportation, to the extent of $750.00. In April, 1935, he obtained a policy of insurance, with a $50.00 deductible feature, from the Central Manufacturers Mutual Insurance Company—hereinafter referred to as the Mutual Company—covering the same automobile against loss resulting from collision or upset. Both policies were issued through the same agent.

On June 8, 1935, according to testimony for the plaintiff, Gentry permitted Walter Moten, one of his employees, to use the sedan for a short while. Moten testified that he drove along a paved highway leading from Spartanburg to Greenville at about thirty or thirty-five miles an hour, and while

going uphill around a curve, smoke suddenly boiled up from the car into his eyes; that he was blinded by the smoke and tried to stop the automobile, with the result that the car shifted some five or six feet to the right off the paved part to the shoulder of the highway, hit the abutment of a culvert and overturned on its right side in the ditch. It is conceded that the direct damage from the blaze was comparatively small, but that the collision practically demolished the sedan.

After the accident, the insured reported the matter to the agent, who in turn notified both insurance companies. The defendant admitted its responsibility for the fire loss and offered to pay such amount, but no more. The Mutual Company then paid Gentry $690.00 under the collision policy, whereupon he executed an assignment agreement and a receipt purporting to subrogate to that company all of his rights growing out of the loss. The action was then brought in the County Court of Greenville County, in which it was sought to recover damages against the defendant in the sum of $750.00, with interest. The complaint, after setting out in some detail the matters above referred to, alleged that "the car was damaged by fire and demolished, all of which was occasioned by or resulted from the fire discovered in said automobile while same was being operated on a public highway"; and that the "plaintiff brings this action as trustee for said Central Manufacturers Mutual Insurance Company, which is entitled to be repaid from the proceeds of the recovery herein". By consent, the case was tried by the county Judge without a jury. The defendant moved, at proper stages of the trial, for a nonsuit and for a directed verdict as to all damages in excess of $15.00, the amount of the direct fire loss. Judge Plyler refused both motions, and awarded the plaintiff the sum of $690.00, with interest from June 22, 1935. The defendant excepts and brings error.

Two questions are stated and argued by counsel for the appellant, the first of which is as follows: "Did the Court err in not holding that the loss occasioned by the respective perils of fire and collision, being definitely discriminated, each insurer must bear the loss occasioned by the hazard it insured against?"

With regard to this issue, which has to do with the liability of the respective parties, the trial Judge had this to say in his order: "The defendant contends that the loss by fire and the loss by collision can be discriminated, and the defendant's damages should be limited to Fifteen ($15.00) Dollars. Having found that the fire was the proximate cause and the defendant having insured the car against fire it follows that the defendant is liable for the full amount of the damages. There was no intervening cause as I see it, and in any event the fire was the predominating cause."

Counsel for the appellant urge that this holding of the Court below was error. While denying that fire was the proximate cause of the loss, they contend that it was not necessary to make inquiry thereabout, as the a p p e l l a n t brought itself within the recognized exception to the general rule prevailing under the doctrine of proximate cause, to wit, that where loss results from concurrent causes, both of which causes are separately insured against, each insurer must bear the loss occasioned by the hazard covered by its policy where the losses are definitely ascertained, as was done in the case at bar. Counsel for the respondent, of course, do not agree with this position. They argue that the rule fixing liability for loss flowing from a direct and proximate cause cannot thus be abrogated, and that the cases cited by appellant, when correctly analyzed under their peculiar facts, do not sustain the contention made.

There was no testimony that any blaze was actually seen prior to the collision; but that, as we have already indicated, while the car was being driven along the paved highway, a large volume of smoke arose from it, which blinded the

driver and caused him to swerve from the road. Also, it was stated that fire was seen after the collision when the hood of the car was raised and that it was put out by Moten and others. The defendant offered testimony which tended to show that with respect to automobiles, and other motor vehicles, there is often, for various reasons, a great amount of smoke when there is actually no fire. With this evidence before him, the county Judge held that there was a fire under the hood of the car at the time the smoke arose therefrom and that it was the direct and proximate cause of the collision.

The question here raised is one of novel impression in this jurisdiction, there being no decision of this Court in which it has been considered. It is referred to, however, by the text writers and has been passed upon by the Courts of some jurisdictions.

In Volume 1, page 692, of Phillips on Insurance, the writer says: "In case of the concurrence of two causes of loss  *  *  *  one insured against by A and the other by B, if the damage by the perils respectively can be discriminated, each party must bear his proportion." At page 694 of the same volume, he also states that if "the damage by each cause cannot be distinguished, the party responsible for the predominating efficient cause, or that by which the operation of the other is directly occasioned as being merely incidental to it, is liable to bear the loss". See also 14 R. C. L., 1203.

*Fogarty v. Fidelity & Casualty Company,* 120 Conn., 296, 180 A., 458, 459, was a case somewhat similar to the one at bar. There, the owner of a truck was insured against loss arising from collision or upset and also from loss by fire. While this automotive vehicle was being driven along a highway, a sheet of flame burst out in the cab without warning. The driver being unable to see where he was going, the truck left the road and went down a steep embankment seventy-five feet or more, stopping in an upset

condition. By reason of the fire and the i m p a c t of the ground at the bottom of the bank, held by the Court to have been a collision, parts of the truck were injured beyond repair. The·trial Judge found that the fire and not the collision was the proximate cause of the loss and fixed responsibility therefor accordingly. On appeal, the Supreme Court, reversing the judgment below, said "that in this instance a burst of flame in the cab was the inducing cause in no way discharged the liability of the company for damages due to the collision and upset, any more than would any other like cause". It indicated its recognition of the rule, although an exception thereto was made under the facts there found, that in cases of this kind if the losses are discriminated the principle here contended for by the appellant would apply—citing *Howard Fire Insurance Company v. Norwich & N. Y. Transp. Company,* 12 Wall, 194, 79 U. S., 194, 199, 20 L. Ed., 378—stating, however, that "when there are two concurrent causes of a loss, the predominating efficient one must be regarded as the proximate, when the damage done by each cannot be distinguished". The Court further observed:

"Any insurance policy is a contract and the intention of the parties as manifested in it is determinative of the risks it covers. Where the coverage is based upon loss due to a certain cause, the principles which in legal concept determine causation will ordinarily be applied in carrying out the intention of the parties. But the situation is not entirely like that present in cases of torts and the like. A person taking out insurance bargains for a certain protection, and for a consideration the insurer agrees to furnish that protection. The usual principles of causation should not be so closely applied as to defeat the intent of the parties." Citing *Peters v. Warren Ins. Co.,* 14 Pet., 99, 39 U. S., 99, 110, 10 L. Ed., 371.

And also: "In many if not most of the cases where an automobile collides with some object or is upset, the colli-

sion or upset could be definitely traced to some particular cause which brought it about; and if the liability of the insurer were restricted to those situations where there was no such cause discoverable, the insured would very likely be deprived of the very protection for which he bargained."

We might quote from other authorities to the same effect, but it would add nothing to what is said above. Counsel cite a few decisions of this Court which they argue have a bearing, either directly or indirectly, upon the question before us, but an examination of these cases discloses that they are in no way controlling.

It is not disputed that Gentry's automobile was damaged to the extent of $740.00, and that of this the damage done by the fire, the burning, was definitely ascertained to be $15.00. Hence, adopting and applying the principle above stated, we hold that each insurance company should and must bear the loss occasioned by the peril which it insured against—the hazard covered by the policy issued by it. The trial Judge, therefore, was in error in refusing the appellant's motion for a directed verdict, as made. This conclusion renders it unnecessary to consider the other question presented for decision.

It must be kept in mind that the Court, under the admitted facts and the principle of law held to be applicable, is here passing upon the liability of each of the two insurance companies—a contest between them. The rights of an insured are not involved, and the Court does not mean to imply, and does not, that its holding would be the same in a case of that kind. We have said, and here say again, that the purpose of insurance is to protect the insured, the person who takes it out and pays for it.

The judgment of the Court below is reversed.

MESSRS. JUSTICES BONHAM, BAKER and FISHBURNE and MR. ACTING ASSOCIATE JUSTICE C. T. GRAYDON concur.