MARY DAVIS v. SOUTHEASTERN FINANCE COMPANY, G. H. BALL, R. H. NICHOLS AND S. W. PORTER.

(Filed 4 May, 1955.)

**Master and Servant § 22—**

Evidence in this case *held* sufficient to be submitted to the jury under the principle of *respondeat superior* on the issue of the liability of the employer for an assault committed by the employee.

BARNHILL, C. J., took no part in the consideration or decision of this case.

APPEAL by plaintiff from *Hubbard, S. J.,* at October Civil Term 1954, of WAKE.

Civil action to recover damages, punitive and compensatory, arising out of alleged assaults, false arrest and false imprisonment.

Plaintiff alleges in her complaint, summarily stated, substantially these facts: That on 20 August, 1953, defendants Ball and Nichols assaulted her and falsely imprisoned her, while attempting to collect from her a debt which she owed defendant Southeastern Finance Company, and that these alleged wrongs were done while Ball was acting for, and in the course and scope of his employment by Southeastern Finance Company, to her great damage.

And upon trial in Superior Court, plaintiff offered evidence which she contends tends to support the allegations of her complaint, and sufficient to take the case to the jury. But at the close of plaintiff's evidence

motion of defendant Southeastern Finance Company for judgment as of nonsuit was sustained, to which ruling plaintiff objected and excepted. The case was submitted to the jury only as to defendants Ball and Nichols. The jury, having failed to agree upon a verdict, the court withdrew a juror and declared a mistrial.

From the judgment as of nonsuit as to defendant Southeastern Finance Company, plaintiff appeals to Supreme Court and assigns error.

*Taylor & Mitchell for plaintiff, appellant.*
*Dupree & Weaver for defendant Finance Company, appellee.*

PER CURIAM. Considering the evidence offered by plaintiff upon the trial in Superior Court, in the light most favorable to her, and giving to her the benefit of every reasonable inference, as must be done in considering a motion for judgment as of nonsuit, it would seem that the evidence is sufficient to take the case to the jury as against defendant Southeastern Finance Company in respect to the alleged assault, under the principle of *respondeat superior*.

Therefore the judgment from which appeal is taken must be reversed. In view of this decision the Court refrains from a discussion of the evidence shown in the case on appeal.

Reversed.

BARNHILL, C. J., took no part in the consideration or decision of this case.