HENRY D. CAUDLE, ADMINISTRATOR OF THE ESTATE OF HENRY GERALD CAUDLE, v. SOUTHERN RAILWAY COMPANY.

(Filed 30 June, 1955.)

**1. Railroads § 4—**

In this action to recover for the death of a passenger in a car, killed in a collision between the car and defendant's train at a grade crossing as the result of the alleged negligence of the railroad company, the evidence *is held* sufficient to be submitted to the jury upon the issue of negligence.

**2. Death § 8—**

The measure of damages for the loss of human life is the present value of the net pecuniary worth of the deceased based upon his life expectancy.

**3. Same—**

In an action for wrongful death, the net pecuniary worth of the deceased is to be ascertained by deducting from the probable gross income to be

CAUDLE *v.* R. R.

derived from his own exertions the probable cost of his own reasonably necessary personal living expenses over the period of his life expectancy.

**4. Same—**

In an action for wrongful death, the jury, in ascertaining the probable gross income of the deceased, may take into consideration the age, health and expectancy of life of the deceased, his earning capacity, his habits, his ability and skill, the business in which he was engaged and the means he had for making money.

**5. Same—**

In an action for wrongful death, the jury, in ascertaining the probable cost of deceased's necessary living expenses during the period of his life expectancy, may take into consideration the deceased's age and manner of living.

**6. Same—**

In an action for wrongful death, the jury, in ascertaining deceased's life expectancy, may take into consideration the mortuary tables as evidence, along with other evidence as to his health, constitution and habits.

**7. Same—**

The present value of the net pecuniary worth of a deceased is the value of his net pecuniary worth in terms of a lump sum presently paid rather than when paid from time to time during the deceased's life expectancy.

**8. Same—**

In this action for wrongful death, the court instructed the jury that only the present pecuniary worth of the deceased might be awarded as damages, without further instruction in regard to the present value of deceased's net pecuniary worth. *Held:* The charge, when taken in connection with the court's final instructions relating to the conflicting contentions of the parties as to the net pecuniary worth of deceased, must be held for prejudicial error as tending to augment the recovery in a substantial sum in leaving the impression that the undiminished net pecuniary worth of deceased might be awarded as damages.

**9. Appeal and Error §§ 6c (6), 39f—**

While ordinarily the misstatement of a contention must be brought to the trial court's attention in apt time, this is not necessary when the statement of the contention presents an erroneous view of the law or an incorrect application of it.

APPEAL by defendant from *Phillips, J.,* September 1954 Term of FORSYTH.

Civil action by administrator to recover damages for alleged wrongful death.

Plaintiff's intestate, eighteen years of age, was killed in a collision between an automobile in which he was riding and one of defendant's trains.

The collision occurred 4 November, 1952, about 8:35 a.m., within the city limits of Winston-Salem, where 27th Street crosses defendant's line from Winston-Salem to North Wilkesboro. Brown, the owner-operator of the automobile in which plaintiff was riding, was traveling east on 27th Street. Defendant's train was traveling north towards North Wilkesboro.

Plaintiff alleged that 27th Street was a much traveled street, in a populous section; and that traveling east on 27th Street the view to the right was obstructed by a large warehouse located on the south side of 27th Street and on the west side of the single railroad track. Plaintiff alleged further that the collision was caused by the negligence of the defendant in that (1) there was no watchman at the crossing; (2) there was no automatic signal or other warning device at the crossing indicating the approach of a train; (3) no warning of its approach was given from the train by whistle, bell or otherwise; (4) the train approached and entered upon the crossing at an unlawful and excessive speed; and (5) those in charge of the train failed to exercise due care to keep a proper lookout for, or to keep the train under control so as to avoid injuries to, persons and vehicles approaching and on the crossing.

Answering, defendant denied all allegations of negligence; pleaded contributory negligence on the part of plaintiff's intestate; and pleaded further that the negligence of Brown, the operator of the automobile, was the sole cause of the collision and insulated the negligence, if any, of the defendant.

Plaintiff offered evidence tending to support the allegations of the complaint. At the conclusion of plaintiff's evidence, defendant moved for judgment of nonsuit. The court overruled this motion. Defendant offered no evidence. Thereupon, the cause was submitted to the jury on plaintiff's evidence.

The jury answered the issues of negligence and contributory negligence in favor of plaintiff and awarded damages in the amount of $29,000.

Judgment for plaintiff was entered on the verdict. Defendant excepted and appealed, assigning as error the denial of its motion for judgment of nonsuit and designated portions of the charge.

*Elledge & Johnson for plaintiff, appellee.*

*W. T. Joyner and Womble, Carlyle, Martin & Sandridge for defendant, appellant.*

BOBBITT, J. A majority of this Court is of opinion that the evidence offered by plaintiff was sufficient, when considered in the light most

favorable to him, to require submission of the case to the jury. Hence, the assignment of error directed to the denial of defendant's motion for judgment of nonsuit is overruled. Since a new trial is awarded for reasons stated below, we refrain from a discussion of the evidence presently before us. *Harrison v. Kapp*, 241 N.C. 408, 85 S.E. 2d 337; *Davis v. Finance Co.*, *ante*, 233, 87 S.E. 2d 209.

In his initial instructions to the jury on the issue relating to damages, the trial judge, with minor variations, used the language of this Court as set forth in *Carpenter v. Power Co.*, 191 N.C. 130, 131 S.E. 400, in giving a general statement of the rule as to the measure of damages applicable in wrongful death actions. G.S. 28-174; *Rea v. Simowitz*, 226 N.C. 379, 38 S.E. 2d 194; *Journigan v. Ice Co.*, 233 N.C. 180, 63 S.E. 2d 183; *Lamm v. Lorbacher*, 235 N.C. 728, 71 S.E. 2d 49. The only reference to the element of present value is in this sentence: "It is only the present worth of the pecuniary injury resulting from the wrongful death of the deceased that may be awarded the plaintiff."

In the decisions cited and others of like import the measure of damages, and the successive steps by which the jury is to arrive at the amount of its award, are as set out below.

The measure of damages for the loss of a human life is the *present value* of the *net pecuniary worth* of the deceased based upon his *life expectancy*.

The *net pecuniary worth* of the deceased is to be ascertained by deducting from the probable gross income to be derived from his own exertions the probable cost of his own reasonably necessary personal living expenses over the period of his life expectancy.

In ascertaining the probable gross income to be derived from his own exertions during the period of his life expectancy, the jury may take into consideration the age, health and expectancy of life of the deceased, his earning capacity, his habits, his ability and skill, the business in which he was engaged and the means he had for making money.

In ascertaining the probable cost of his reasonably necessary personal living expenses during the period of his life expectancy, the jury may take into consideration his age and manner of living.

In ascertaining his *life expectancy*, the jury may take into consideration the mortuary tables, as evidence, along with other evidence as to his health, constitution and habits.

Having thus ascertained the *net pecuniary worth* of the deceased over the period of his *life expectancy*, the *present value* of such *net pecuniary worth*, that is, its value now in terms of a lump sum presently paid rather than from time to time during his life expectancy, is the amount of damages to be awarded.

CAUDLE *v.* R. R.

The trial judge explained to the jury, in relation to the facts, the elements to be considered in determining the *life expectancy* of the deceased and in determining the *net pecuniary worth* of the deceased over the period of his life expectancy. However, no further instruction of law was given bearing upon the final essential element, namely, that the jury's award should be the *present value* of the net pecuniary worth over the period of his life expectancy. We need not decide whether this omission, standing alone, would constitute prejudicial error. But we are constrained to hold that such omission was prejudicial when considered in connection with the court's statements of the contentions of plaintiff and defendant, respectively, viz.:

"Now, the plaintiff insists and contends that if you would take away from his earnings all but $1,000 a year of his earnings, in other words, that if he would save $1,000 a year for his life expectancy under the mortuary tables, which would be 43½ years, in other words, if he made enough to keep himself and then $1,000 a year over, that in 43 and five-tenths years his estate would be deprived of $43,500 in that length of time; that if he had lived longer than that, why then it might have gone up to $50,000; and the plaintiff insists and contends that $1,000 a year savings would not be much for a young man of his ability, his educational qualifications, his appearance, his character, his ability to earn in the future, and that it is not asking much at your hands to award him $50,000, which would be $1,000 a year that he would save if he reached the age of 68 years, which in all probability he would have reached, or maybe longer, but even under the mortuary tables he had an expectancy of 43½ years. Therefore, the plaintiff insists and contends that you should answer this issue in a substantial amount and pay to his estate the net pecuniary value of his estate, after deducting his reasonable and usual living expenses from his earnings, and say then what his estate would be worth if he had been permitted to live for his expectancy of life.

"Now, the defendant, on the other hand, insists and contends that even if you answer this issue in favor of the plaintiff, that you shouldn't answer it in any large amount; that your answer to this issue should be in a modest amount; that not many people, even with high school educations, and if they lived out their life expectancy, which all of them do not do, that very few of them save, not so many of them, few of them save as much as $50,000 during their lifetime after paying their ordinary expenses, and that he could have been killed the next year in an automobile wreck, or he could have been killed ten years from now in an automobile wreck, or he could have died of some disease in the meantime, and that in all probability he wouldn't have reached his life expectancy under the mortuary tables, or any appreci-

able years in the future, and that you shouldn't give him the maximum of what you could draw from his expectancy, but you should take all things into consideration and give only a reasonable amount, which would be much less than $50,000 as asked for by the plaintiff."

The quoted statements of the respective contentions were the final instructions to the jury relating to the issue of damages. In explicit and understandable terms the question for decision by the jury was drawn sharply into focus; but in so doing the trial judge inadvertently failed to mention the essential element of present value. Rather, we apprehend that the jury must have understood that its task was to determine the amount plaintiff's intestate would have accumulated or saved had his life not been cut short by his untimely death.

The aforesaid omission of the court below when instructing the jury as to the law in relation to the facts, together with the statement of contentions quoted above, brings the case within the rule that "while ordinarily the misstatement of a contention must be brought to the trial court's attention in apt time, this is not necessary when the statement of the contention presents an erroneous view of the law or an incorrect application of it." *Blanton v. Dairy,* 238 N.C. 382, 77 S.E. 2d 922; *Harris v. Construction Co.,* 240 N.C. 556, 82 S.E. 2d 689.

We therefore hold that the instructions given did not sufficiently explain to the jury that its award should be the *present value* of the net pecuniary worth over the period of life expectancy. The difference between such net pecuniary worth and the present value thereof, particularly in respect of a person eighteen years old, is so great that the prejudicial effect of the instructions is apparent. So, for the error indicated, a new trial is awarded.

We refrain from discussion of other assignments of error directed to the charge. The questions presented thereby may not recur when the case is tried again.

New Trial.