MRS. JOHN LOOKABILL, ADMINISTRATRIX OF RUTH L. WORKMAN, DECEASED, v. HENRY G. REGAN.

(Filed 1 February, 1957.)

**1. Automobiles § 46—**

This action involved the alleged negligence of defendant in failing to yield to plaintiff's intestate one-half the highway as the respective vehicles, traveling in opposite directions, passed each other. G.S. 20-148. *Held:* An instruction embracing the statutory duty of a driver of a vehicle overtaking and passing another vehicle traveling in the same direction, G.S. 20-149, is prejudicial error.

**2. Appeal and Error § 24—**

It is not required that a party bring to the trial court's attention an inadvertence in the court's statement of contentions when such statement contains an erroneous view of the law or an incorrect application thereof, and such error must be held prejudicial, even though in another portion of the charge the law is correctly stated.

JOHNSON, J., not sitting.

APPEAL by defendant from *Johnston, J.,* at April 1956 Term, of DAVIDSON.

Civil action to recover for alleged wrongful death of Ruth L. Workman, intestate of plaintiff, as result of injury sustained in overturning of automobile operated by her,—proximately caused by alleged negligence of defendant.

The uncontroverted facts appearing in the case on appeal disclose that at the time and place in question plaintiff's intestate, accompanied by her husband and small son, was operating her automobile in a southerly direction, and defendant was operating his automobile in northerly direction on same highway; and that they met and passed each other without colliding.

Plaintiff alleges in her complaint and, upon the trial in Superior Court, offered evidence tending to show as acts of negligence on the part of defendant that, as the two automobiles so operated approached each other on a curve defendant drove his automobile to his left of the center of the highway, and failed to yield to plaintiff's intestate at least one-half of the traveled portion of the roadway as nearly as possible, thereby forcing her to drive upon the shoulder of the highway on her right, in order to avoid a collision with defendant's automobile, by reason of which she lost control of her automobile with resultant injury and death to her.

On the other hand, defendant, answering the complaint, denies that he was negligent as alleged, and avers that, if he be found negligent in any respect, intestate of plaintiff was contributorily negligent.

The case was submitted to the jury on three issues, first, as to negligence of defendant, second, as to contributory negligence of plaintiff's intestate, and, third, as to damage.

The jury answered the first "Yes," the second "No," and the third, in substantial amount.

From judgment, signed in accordance with the verdict, defendant appeals to Supreme Court and assigns error.

*Philip R. Craver and Charles W. Mauze for Plaintiff Appellee.*
*Deal, Hutchins & Minor for Defendant Appellant.*

WINBORNE, C. J. Defendant appellant in brief filed here presents seven questions based upon exceptions taken upon the trial below, and to the charge of the court to the jury.

Among these, assignment of error Number Ten based upon exception Nineteen challenged, and we hold properly so, the correctness of a portion of the charge. The case on appeal discloses that here apparently the provisions of the statute G.S. 20-149, pertaining to the duty of the driver of any vehicle overtaking another vehicle proceeding in the same direction, to pass at least two feet to the left thereof was confused with the provisions of the statute G.S. 20-148 prescribing the respective duties of drivers of vehicles proceeding in opposite directions when meeting to pass each other to the right,—each giving to the other at least one-half of the main traveled portion of the roadway as nearly as possible. For the provisions of G.S. 20-149 are inapplicable to factual situation in hand.

In this connection, counsel for appellee in brief filed in this Court frankly concede "that the words 'yielding two feet to the vehicle to the left' were an inadvertent misstatement on the part of the trial judge." But they contend that this was not reversible or prejudicial error for that: (1) The misstatement was immediately followed by a correct statement of the rules; (2) "The misstatement was a misstatement of a contention"; and (3) "a misstatement of a contention should have been called immediately to the court's attention." Even so ordinarily, —this Court is constrained to hold that the error thus appearing entitled defendant to a new trial. For, as stated by *Johnson, J.,* in *Blanton v. Dairy,* 238 N.C. 382, 77 S.E. 2d 922, "It is the duty of the trial court to explain and apply the law to the substantive phases of the evidence adduced (G.S. 1-180), and an instruction which presents an erroneous view of the law or an incorrect application thereof, even though given in stating the contentions of the parties, is error, the rule being that while ordinarily the misstatement of a contention must be brought to the trial court's attention in apt time, this is not necessary when the statement of the contention presents an erroneous view of the law or an incorrect application of it," citing cases. See also *Hartley v. Smith,* 239 N.C. 170, 79 S.E. 2d 767; *McKinney v. High Point,* 239 N.C. 232, 79 S.E. 2d 730; *Harris v. Construction Co.,* 240 N.C. 556, 82 S.E. 2d 689; *Caudle v. R. R.,* 242 N.C. 466, 88 S.E. 2d 138.

As matters to which other assignments of error relate may not recur upon another trial, the Court refrains from discussion of them for fear that prejudice may result.

For error pointed out, let there be a

New trial.

JOHNSON, J., not sitting.