REDA COCHRAN McGINNIS v. CATHERINE ROBINSON AND HAROLD McGHEE.

**1. Automobiles § 41d—**

The evidence in this case *is held* sufficient to be submitted to the jury on the issue of the negligence of defendant, while attempting to pass a car preceding him in the same direction, in driving over the center line and colliding with the car in which plaintiff was riding, which was traveling in the opposite direction.

**2. Automobiles § 41p—**

The circumstantial evidence in this case *is held* sufficient to be submitted to the jury on the question of the identity of the defendant as the driver of the car involved in the collision.

**3. Automobiles § 46— Charge held for error in instructing the jury on inapplicable statute.**

Plaintiff's evidence tended to show that defendant pulled out from behind a preceding car, drove over the center line of the highway, and struck the car in which plaintiff was riding, which was approaching from the opposite direction. Defendant's evidence was to the effect that he started to pass the preceding car, saw the car in which plaintiff was riding, and dropped back into his lane of travel, and was hit by the car in which plaintiff was riding after defendant had regained his right side of the road. The evidence disclosed that defendant's car came in contact with the preceding car, plaintiff contending that such contact was made when defendant attempted to go around the preceding car, and defendant contending that such contact was made as he was dropping back to regain his right side of the road. *Held:* An instruction as to the duty of a motorist to pass at least two feet to the left of an overtaken vehicle and not to again drive to the right until safely clear of such

vehicle, is prejudicial in the absence of allegation and evidence that the contact between defendant's car and the preceding vehicle was a proximate cause of the collision between defendant's car and the car in which plaintiff was riding.

**4. Trial § 31b—**

It is error for the court to charge upon an abstract principle of law which is not presented by the evidence in the case.

APPEAL by defendant (Catherine Robinson) from *Hobgood, J.,* November Civil Term, 1959, of VANCE.

Civil action instituted June 14, 1954, growing out of a collision that occurred in Vance County about 9:15 p.m. on October 10, 1953, on the two-lane highway designated #158 By-Pass (Northwest Boulevard), near the #39 Overpass, between a 1949 Ford, traveling east toward Henderson, and a 1952 Mercury, traveling west toward Oxford. Plaintiff was a passenger in the Ford, which her husband, Glen W. McGinnis, was operating.

Plaintiff alleged the collision and her injuries were proximately caused by the negligence of the operator of the Mercury in that such operator, in an attempt to overtake and pass a 1947 Dodge, suddenly swerved to the left, crossing the center line, into the left-hand lane of travel and directly in the path of the Ford.

Plaintiff alleged that defendant Catherine Robinson was operating the Mercury with the knowledge, consent and approval of Harold McGhee, the owner thereof; and the action was instituted against said alleged operator and said alleged owner.

Defendants filed separate answers. McGhee's answer consisted of a general denial of the essential allegations of the complaint. Catherine Robinson, in addition to such general denial, alleged McGhee, the owner, was operating the Mercury and she was a passenger and had no control over its operation.

The case first came on for trial at November Civil Term, 1955; but before plaintiff had completed the presentation of her evidence, the court, in its discretion, for reasons not now material, withdrew a juror and ordered a mistrial.

Thereafter, in June, 1957, upon plaintiff's application, judgment of nonsuit was entered as to McGhee; and, pursuant to leave of court, plaintiff amended her complaint by striking therefrom all allegations relating to McGhee. Catherine Robinson became and is the sole defendant.

Upon trial at November Civil Term, 1959 the court submitted, and the jury answered, these issues: "1. Was the defendant Catherine Robinson driving the 1952 Mercury car on October 10, 1953, at the

time of its collision with the 1949 Ford car, as alleged in the Complaint? Answer: Yes. 2. Was the plaintiff injured by the negligence of the defendant, as alleged in the Complaint? Answer: Yes. 3. What amount, if any, is the plaintiff entitled to recover as damages from the defendant. Answer: $22,500.00."

Judgment for plaintiff, in accordance with the verdict, was entered. Defendant excepted and appealed.

*George T. Blackburn, John H. Kerr, Jr. and W. Hayes Pettry for plaintiff, appellee.*

*Charles P. Green and Frank B. Banzet for defendant Catherine Robinson, appellant.*

Bobbitt, J. While in sharp conflict with evidence offered by defendant, the evidence offered by plaintiff was sufficient to support her allegations that the collision and her injuries were proximately caused by the negligence of the operator of the Mercury; and, although there was no direct evidence, the circumstantial evidence, when considered in the light most favorable to plaintiff, was, in our opinion, sufficient to support a finding that defendant was operating the Mercury when the collision occurred. See *Stegall v. Sledge,* 247 N.C. 718, 722, 102 S.E. 2d 115; *Bridges v. Graham,* 246 N.C. 371, 377, 98 S.E. 2d 492, and cases cited.

Defendant's motion for judgment of nonsuit was properly overruled. Since a new trial is awarded, we refrain from discussing the evidence presently before us except to the extent necessary to show the reasons for the conclusion reached. *Caudle v. R. R.,* 242 N.C. 466, 88 S.E. 2d 138.

Uncontroverted evidence tended to show these facts: The McGinnis car (Ford) was the last of three cars traveling east on #158 By-Pass. The first was a Chevrolet, owned and operated by Stanley Miller. The second was a Pontiac, bearing a Kentucky license plate, owned and operated by a Mr. Shearin. The Mercury was the second of two cars traveling west on #158 By-Pass. The first was a 1947 Dodge operated by Mrs. Boyd.

Evidence for plaintiff tended to show: The Mercury pulled out to its left from behind the Boyd car. Miller and Shearin, to avoid collision, pulled to the extreme right of their traffic lane. The Mercury crossed the center line, into the path of the McGinnis car. The collision occurred in McGinnis' (south) traffic lane.

Evidence for defendant tended to show: McGhee, the driver of the Mercury, pulled out to go around the Dodge and got alongside of it.

McGhee observed the approaching car(s), saw he could not pass, dropped back behind the 1947 Dodge and in doing so sideswiped its left rear corner. He had gotten back on his (north) side of the road when struck by the McGinnis car.

Plaintiff also offered evidence tending to show damage to the left rear fender of the Dodge and dark green paint on the right door of the Mercury that matched the green paint on the Dodge. McGinnis, plaintiff's husband, testified: "The Mercury was meeting me, going west, and went around another car and hit me."

It appears from the evidence of both plaintiff and defendant that the Mercury struck the left rear of the Dodge. Plaintiff contends this contact occurred when the Mercury pulled out to its left into the lane of traffic of McGinnis, while defendant contends it occurred when McGhee dropped back from a position alongside of the Dodge into the Mercury's lane of traffic.

Defendant, by exceptions to the court's failure to charge in stated particulars, contends the court failed to declare and explain the law arising on the evidence as to all substantial features of the case as required by G.S. 1-180, citing *Glenn v. Raleigh*, 246 N.C. 469, 98 S.E. 2d 913, and similar cases. Defendant emphasizes the failure of the court to give a *positive* instruction to the effect that the jury should answer the second issue, "No," if it found the collision occurred, as defendant's evidence tended to show, on the Mercury's right side of the highway. Whether the asserted deficiency is sufficient to justify a new trial need not be decided. Defendant's exception to a portion of the charge as given is well taken and is deemed sufficiently prejudicial to require a new trial.

Defendant excepted to this portion of the charge: "I instruct you further that we have in North Carolina another section which is entitled G.S. 20-149, which reads as follows: 'A driver of any vehicle overtaking another vehicle proceeding in the same direction shall pass at least two feet to the left thereof, and shall not again drive to the right side of the highway until safely clear of such overtaking *(sic)* vehicle.' The Court instructs you that a violation of that statute is negligence in itself, and if the defendant violated that section of our General Statutes, and it was the proximate cause of the damage and injury to the plaintiff, then you would answer the second issue YES." The court did not attempt to relate this instruction to any state of facts supported by evidence. Moreover, there is neither allegation nor evidence that the contact between the Mercury and the Dodge was a proximate cause of the collision between the Mercury and the Ford.

G.S. 20-149(a), quoted by the court, is inapplicable to the factual situation under consideration. The principal purpose of G.S. 20-149(a) is the protection of the "overtaken vehicle" and its occupants. Hence, it would be relevant if this were an action by Boyd for damages to the Dodge. Absent unusual circumstances, it has no bearing where the collision is between vehicles proceeding in opposite directions. It is noted that the court did not call attention to the provisions of G.S. 20-150.

"It is established by our decisions that an instruction about a material matter not based on sufficient evidence is erroneous. (Citations) And it is an established rule of trial procedure with us that an abstract proposition of law not pointing to the facts of the case at hand and not pertinent thereto should not be given to the jury. (Citations)" *Childress v. Motor Lines,* 235 N.C. 522, 530, 70 S.E. 2d 558. In *Lookabill v. Regan,* 245 N.C. 500, 96 S.E. 2d 421, a new trial was awarded because instructions, based on the provisions of G.S. 20-149, were inapplicable to the factual situation then considered.

The quoted instruction, in relation to the present factual situation, was erroneous and prejudicial. The evidence of both plaintiff and defendant is to the effect that the Mercury made actual contact with the Dodge and hence was not at least two feet to the left thereof. Thus, the uncontroverted evidence supports a finding that the driver of the Mercury violated G.S. 20-149(a); but there is neither allegation nor evidence that such violation was a proximate cause of the collision between the Mercury and the Ford.

While other assignments of error appear to have merit, the questions raised may not recur upon a new trial. Hence, particular consideration thereof upon the present record is deemed inappropriate.

New trial.