WILL L. POWELL, PLAINTIFF v. ERNEST OLIVER CLARK AND WIFE, MARY POWELL CLARK, DEFENDANTS.

(Filed 22 November, 1961.)

**1. Appeal and Error § 1—**

   When plaintiff's evidence is sufficient to make out a case but a new trial must be awarded upon other exceptions, the Supreme Court may refrain from a discussion of the evidence in overruling defendant's exceptions to the denial of his motion for judgment as of nonsuit.

**2. Automobiles § 38—**

   Testimony of a witness that the vehicle in question was traveling 55 to 60 miles per hour cannot be taken as evidence that the vehicle was traveling in excess of 55 miles per hour.

**3. Automobiles § 46—**

   Where there is no evidence in the case upon which the jury can base

a finding that defendant's vehicle was being operated at a speed in excess of 55 miles per hour in violation of G.S. 20-141 (h), (4), it is error for the court to charge the jury upon the law of this statute.

**4. Automobiles § 15—**

G.S. 20-146 is for the protection of occupants of other vehicles, pedestrians, and property on the highway, and is inapplicable in an action by a guest passenger to recover for injuries received when the driver lost control of the vehicle and as result thereof drove off the road, there being no evidence that any other vehicle or person or property upon the highway was in any way involved, and it being immaterial upon the question of proximate cause that after the driver lost control of the car it ran off the left rather than the right side of the road.

**5. Automobiles § 46—**

An instruction to the jury in regard to a safety statute must be held for error when such statute is inapplicable to the factual situation disclosed by the evidence or there is no evidence tending to show that a violation of such statute was a proximate cause of plaintiff's injuries.

**6. Trial § 33—**

An instruction in regard to an abstract proposition of law not presented by the evidence in the case must be held for prejudicial error.

APPEAL by defendants from *Pless, J.*, June Term, 1961, of BURKE.

On June 6, 1960, plaintiff suffered serious personal injuries when the 1960 Pontiac in which he was a passenger went off the highway to its left and down an embankment, thereafter traveling 400-500 feet and stopping 50-75 feet after striking a large rock.

Defendant Mary Powell Clark, plaintiff's daughter, was operating the 1960 Pontiac. She and her father were traveling in an easterly direction on the portion of the highway designated No. 64 and No. 70 between the Drexel intersection and Valdese. They had left Drexel about 10:00 a.m. for Winston-Salem where plaintiff's nephew (Mary Powell Clark's first cousin) was to graduate "as a doctor from Wake Forest College."

Plaintiff alleged that Mary Powell Clark "was driving said 1960 Pontiac automobile at a high and excessive rate of speed for the road conditions of US Highway 64 & 70, and was talking to plaintiff in a loud voice and negligently looked at him while so talking, and in so doing took her eyes off the road, and she negligently and carelessly lost control of the car and drove said car off the paved portion of the road on her right-hand side, and then the car was driven or it swerved out of control across said highway to Mary Powell Clark's left-hand side at an excessive rate of speed and left the highway . . ."

Plaintiff alleged Mary Powell Clark was negligent in that: (a) She failed to keep a proper lookout. (b) She drove carelessly and reckless-

ly in violation of G.S. 20-140. (c) She drove at a speed greater than was reasonable and prudent in violation of G.S. 20-141. (d) She failed to apply the brakes to bring the car to a stop or reduce its speed. (e) She failed to operate the car "on her right-hand one-half of the highway" in violation of G.S. 20-146. (f) She "took her eyes off the road while talking with plaintiff and failed to steer said car in such a manner so as to keep same on the traveled portion of the highway, and drove said car off the paved portion of the road, first on the right-hand side in the direction in which she was traveling, and then off the left-hand side and into the rock wall."

Plaintiff alleged the "said 1960 Pontiac automobile was owned by defendant, Ernest Oliver Clark, as a family purpose car and was frequently driven and used by defendant, Mary Powell Clark, for family purposes, said defendants being husband and wife and living in the same home, and on the occasion of this wreck and collision . . ., she was driving said car with the knowledge, authority and consent of her said husband, and as his agent, within the family purpose doctrine as the same pertains in North Carolina."

Defendants, by joint answer, denied all of plaintiff's said allegations; and, as further defenses, pleaded (1) the contributory negligence of plaintiff, (2) joint enterprise or adventure, and (3) unavoidable accident.

The only evidence was that offered by plaintiff.

The court submitted, and the jury answered, these issues: "1. Was the plaintiff injured by the negligence of the defendant, Mary Powell Clark, as alleged in the Complaint? Answer: YES. 2. Was the defendant, Mary Powell Clark, the agent of Ernest Oliver Clark at the time in question? Answer: YES. 3. What amount, if any, is plaintiff entitled to recover of the defendant(s)? Answer: $10,000.00."

Judgment for plaintiff, in accordance with the verdict, was entered. Defendants excepted and appealed, assigning errors.

*John H. McMurray for plaintiff, appellee.*
*Patton & Ervin for defendants, appellants*

BOBBITT, J. This Court is of opinion that the evidence, when considered in the light most favorable to plaintiff, was sufficient to require submission of the case. to the jury. Hence, the assignment of error directed to denial of defendants' motion for judgment of nonsuit is overruled. Since a new trial is awarded for reasons stated below, we refrain from a discussion of the evidence presently before us. *Tucker v. Moorefield,* 250 N.C. 340, 108 S.E. 2d 637.

The court instructed the jury, *inter alia,* that the law "requires that

an automobile shall be operated upon the right half of the highway" and "provides that an automobile shall not be operated on the open highway at a speed in excess of 55 miles per hour."

In final instructions on the first issue, the court said: "The plaintiff has the affirmative and positive burden of tipping the scales of your minds in his favor; that is, showing by the greater weight of the evidence that in the operation of the car, *either in exceeding the 55 miles per hour speed limit,* or in driving at a speed which was greater than was reasonable and prudent under the conditions then existing, or that in operating it, she did so in a reckless and heedless manner, at a speed and in a manner so as to endanger, or be likely to endanger, human life and property, *or that she drove the car on the wrong side of the road, that is, did not drive it on the right of the paved portion of the highway,* or that she failed to keep a lookout — her eyes in front and watching the road —, and in doing so, violated the rule of the reasonably prudent person, the court instructing you if he has proven *any one of those things* and proven it by the greater weight of the evidence and has further proven that that was the reason — the direct and immediate cause of injury to the plaintiff, then he would be entitled to prevail in this issue and you would answer that question we are discussing 'Yes.' " (Our italics)

Lowman testified that, in his opinion, the 1960 Pontiac "was running around 55 to 60 an hour" when it left the road. He testified further that, when it left the road, "it was going a little faster" than when he first observed it "because it's a downhill grade and naturally it would be picking up a little speed." There was no other evidence as to speed.

Lowman's testimony, taken in the light most favorable to plaintiff, amounts to no more than in his opinion the speed was 55 miles per hour. *Mitchell v. Melts,* 220 N.C. 793, 801, 18 S.E. 2d 406; *Hinson v. Dawson,* 241 N.C. 714, 721, 86 S.E. 2d 585. Hence, there was no evidence upon which the jury could base a finding that the 1960 Pontiac was being operated at a speed in excess of 55 miles per hour in violation of G.S. 20-141(b) (4).

As indicated above, the court instructed the jury that, if they found from the evidence and by its greater weight that the feme defendant "drove the car on the wrong side of the road, that is, did not drive it on the right of the paved portion of the highway," such conduct would constitute negligence.

G.S. 20-146, referred to in the complaint, is inapplicable to the factual situation under consideration. Its purpose is the protection of occupants of other vehicles then using the public highway and pedestrians and property thereon. Here, there is no evidence that any other

vehicle or person or property upon the public highway was in any way involved.

Unquestionably, the 1960 Pontiac proceeded some distance on the driver's left half of the highway. While they did not offer evidence, defendants alleged that, when the feme defendant was operating the 1960 Pontiac at a speed of approximately 40 to 45 miles per hour, the car suddenly became difficult to steer, began to pull sharply to the left, would not respond to the steering wheel, continued to pull to the left and left the road.

The gist of plaintiff's case is that the driver of the 1960 Pontiac, by reason of her negligence, lost control of the car and *thereafter* the car crossed her left half of the highway and went off the highway and down the embankment. If she lost control of the 1960 Pontiac, by reason of her own negligence or otherwise, the fact that the car went off the left rather than the right side of the road was not a proximate cause of plaintiff's injuries. Under the circumstances, the court's said instruction, apparently based on G.S. 20-146, was erroneous. A safety statute, such as G.S. 20-146, is pertinent when, and only when, there is evidence tending to show a violation thereof proximately caused the alleged injuries. *Farfour v. Fahad,* 214 N.C. 281, 199 S.E. 521.

"It is established by our decisions that an instruction about a material matter not based on sufficient evidence is erroneous. (Citations) And it is an established rule of trial procedure with us that an abstract proposition of law not pointing to the facts of the case at hand and not pertinent thereto should not be given to the jury. (Citations)" *Childress v. Motor Lines,* 235 N.C. 522, 530, 70 S.E. 2d 558; *McGinnis v. Robinson,* 252 N.C. 574, 578, 114 S.E. 2d 365. We are constrained to hold that the instructions discussed above, in relation to the present factual situation, were erroneous and prejudicial. See *Lookabill v. Regan,* 245 N.C. 500, 96 S.E. 2d 421, and *McGinnis v. Robinson, supra.*

The questions raised by defendants' other assignments of error may not recur upon a new trial. Hence, particular consideration thereof upon the present record is deemed inappropriate.

New trial.