J. ALTON BASS v. PATSY ALEASE ROBERSON AND C. A. ROBERSON.

(Filed 17 January 1964.)

**1. Automobiles § 411—**

Evidence in this case held sufficient to be submitted to the jury on the question of defendant motorist's negligence in failing to use due care to avoid colliding with a pedestrian he saw, or in the exercise of reasonable care, should have seen, in the street, notwithstanding that defendant had the right of way.

**2. Appeal and Error § 51—**

Where a new trial is awarded on other exceptions, the Supreme Court will refrain from discussing the evidence in sustaining the denial of nonsuit except to the extent deemed necessary in the disposition of the other assignments of error.

**3. Automobiles § 33—**

It is unlawful for a pedestrian to cross a street between intersections at which traffic signals are maintained unless there is a marked crosswalk between the intersections at which he may cross and on which he has the

right of way over vehicular traffic, and his failure to observe the statutory requirements is evidence of negligence but not negligence *per se*.

**4. Automobiles § 14—**

Evidence tending to show that a truck parked diagonally at the curb was backed into defendant's lane of travel as defendant approached on her right side of the street, that no traffic was approaching from the opposite direction, and that defendant pulled to her left to go around the truck, *held* not to reveal a violation of G.S. 20-149(a), and an instruction to the effect that the right to pass to the left under G.S. 20-149 and G.S. 20-150 did not apply, is error.

**5. Automobiles § 46—**

Where all of the evidence tends to show that a pedestrian attempted to cross a street within a municipality between intersections at a place where there was no marked crosswalk, an instruction leaving it to the jury to determine whether a motorist had the right of way over the pedestrian is error, since the law gives the motorist the right of way upon the uncontradicted facts.

APPEAL by defendants from *Braswell, J.,* February Civil Session 1963 of HARNETT.

This action was instituted by the plaintiff to recover for personal injuries sustained under the circumstances hereinafter set out.

On 8 November 1960, at approximately 7:55 a.m., the plaintiff was injured when struck by a car driven by defendant Patsy Alease Roberson (now Carroll) on South Wilson Avenue in Dunn, North Carolina. The car was owned by defendant C. A. Roberson, father of Patsy Carroll.

J. Alton Bass, the plaintiff, was crossing South Wilson Avenue diagonally, approximately in the middle of the block. Traffic at the intersections at either end of the block was controlled by electric signals and there was no crosswalk at any point within the block other than at the intersections. The block in which the accident occurred is 300 feet long and the street 43 feet wide. The weather was fair and the pavement was dry. It was stipulated that the speed limit was 20 miles per hour.

At the time in question, the plaintiff J. Alton Bass had alighted from a pick-up truck which had been parallel parked against the west curb of Wilson Avenue headed southward. From this point, he walked southward along the west sidewalk until he reached a point in front of a soda shop located on the west side of Wilson Avenue directly across the street from the Dunn Police Station, which is 153 feet south of the intersection of Broad Street and Wilson Avenue.

Adjoining the soda shop on the south was the Dunn Theatre in front of which there was a marked "No Parking" zone. There was

parked in the no parking area in front of the theatre a Curtis Candy walk-in truck headed southward. Between the rear of this truck and the intersection of Broad and Wilson the only other vehicle parked on the west side of Wilson Avenue was the pick-up truck from which the plaintiff had alighted.

Plaintiff testified he stopped at the curb in front of the soda shop, looked both ways, saw no traffic coming from either direction and stepped off the curb to cross the street and heard a noise to his right. "I stepped sideways one step, looked both ways, and then stepped on out into the middle of the southbound lane and looked both ways. * * * I was in the middle of the southbound lane the last time I looked to my left to observe traffic approaching from the north going south."

Plaintiff further testified that he had reached the middle of the northbound lane of Wilson Avenue when "I heard something to my left and turned as quick as I could and tried to hold the car off of me and it knocked me down in the east lane."

On cross-examination, this plaintiff testified he never saw the car operated by defendant Patsy Carroll until it hit him.

Defendant Patsy Carroll testified that she was driving southward on Wilson Avenue at a speed of not more than 10 miles per hour; that she was driving on her right-hand side of the street; that the Curtis Candy truck was parked "diagonal-like" with its back portion extending into the traveled portion of Wilson Avenue, and that as she approached it it began to back up and she thereupon pulled to the left a little to go around it. At this time she saw Mr. Bass. She further testified: "When I first saw him, he was on the right-hand side of my car, and he was jumping to the left-hand side of my car. At that time I jerked the car and applied my brakes at the same time. I jerked it to the left some. My automobile struck Mr. Bass. I had applied brakes at that time. It hit him as it stopped. After striking him it immediately stopped. At that time, with respect to the approximate center of Wilson Avenue, my car was in the middle of the street, partly on the right-hand side and partly on the left. It was headed straight—sort of diagonal, like it was going around. It was headed to the left side."

The jury returned a verdict in favor of the plaintiff. From the judgment entered on the verdict, the defendants appeal, assigning error.

*Everette L. Doffermyre and James M. Johnson for plaintiff.*
*Dupree, Weaver, Horton & Cockman for defendants.*

DENNY, C.J. This is a borderline case. However, when the evidence adduced in the trial below is considered in the light most favorable to

the plaintiff, as it must be on a motion for judgment as of nonsuit, in our opinion it is sufficient to warrant its submission to the jury.

Since a new trial is awarded for reasons hereinafter stated, we refrain from a discussion of the evidence set forth in the record except to the extent deemed necessary in the disposition of other assignments of error. *Powell v. Clark,* 255 N.C. 707, 122 S.E. 2d 706; *Tucker v. Moorefield,* 250 N.C. 340, 108 S.E. 2d 637.

It is unlawful for a pedestrian to cross a street between intersections at which traffic signals are maintained unless there is a marked crosswalk between the intersections at which he may cross and on which he has the right of way over vehicular traffic, and his failure to observe the statutory requirements is evidence of negligence but not negligence *per se. Templeton v. Kelley,* 216 N.C. 487, 5 S.E. 2d 555; *Simpson v. Curry,* 237 N.C. 260, 74 S.E. 2d 649, and cited cases; *Moore v. Bezalla,* 241 N.C. 190, 84 S.E. 2d 817; G.S. 20-174.

Appellants' assignment of error No. 16 is to the following portion of the charge: "Now, gentlemen, we have a statute in this State, General Statutes 20-146, that I wish to read to you in connection with the allegations of the complaint. It is as follows: Upon all highways of sufficient width, except one-way streets, the driver of a vehicle shall drive the same upon the right-hand half of the highway and shall drive a slow-moving vehicle as closely as possible to the right-hand edge or curb of such highway unless it is impractical to travel upon such side of said highway, except when overtaking or passing another vehicle, subject to the limitations applicable in overtaking and passing set forth in General Statutes 20-149 and 20-150, which I charge you you are not to be concerned with in this case. I further instruct you, gentlemen of the jury, that if the defendant violated this statute just read to you, that it would constitute negligence. I charge you in this connection, if the defendant Patsy Carroll operated her automobile to the left of the center of said street, on the left half of said street, and she was not in the act of overtaking and passing another vehicle at that time, and that it was practical for her at that time to drive on the right half of said street, that this would be evidence of negligence."

The defendants in their further answer and defense allege that suddenly and without warning the plaintiff darted into the street immediately in front of the car being driven by defendant Patsy Carroll; that upon being confronted with this emergency which had been solely caused by the negligence of the plaintiff, defendant Patsy Carroll applied the brakes and "made every effort to avoid the plaintiff and had brought the car to a virtual stop when it lightly bumped against the plaintiff causing him to fall to the pavement."

It is further alleged that the plaintiff at the time of the accident was suffering from defective eyesight which kept him from observing approaching vehicles. Evidence was introduced by the defendants tending to support these allegations.

In our opinion, there was error in the foregoing instruction to the jury. The court pointed out that the jury was not to be concerned with the limitations applicable in overtaking and passing another vehicle as set forth in G.S. 20-149 and 20-150.

The evidence of the driver of the Roberson car was to the effect that the Curtis Candy truck was parked half in and half out of the parking place, on the right-hand side of the street; that the back of the truck extended into the traveled portion of Wilson Avenue. "As I proceeded southward on Wilson Avenue, I was driving on the right-hand side. When this white (Curtis) truck began to back up, I pulled over to the left a little to go around." The record also reveals that at the time of the accident there were no other vehicles being operated in the block in which the accident occurred.

G.S. 20-149 provides as follows: "(a)   The driver of any such vehicle overtaking another vehicle proceeding in the same direction shall pass at least two feet to the left thereof, and shall not again drive to the right side of the highway until safely clear of such overtaken vehicle. This subsection shall not apply when the overtaking and passing is done pursuant to the provisions of G.S. 20-150.1. (b)   The driver of an overtaking motor vehicle not within a business or residence district, as herein defined, shall give audible warning with his horn or other warning device before passing or attempting to pass a vehicle proceeding in the same direction, but his failure to do so shall not constitute negligence or contributory negligence *per se* in any civil action; although the same may be considered with the other facts in the case in determining whether the driver of the overtaking vehicle was guilty of negligence or contributory negligence."

The pertinent part of G.S. 20-150 reads as follows: "(a)   The driver of a vehicle shall not drive to the left side of the center of a highway, in overtaking and passing another vehicle proceeding in the same direction, unless such left side is clearly visible and is free of oncoming traffic for a sufficient distance ahead to permit such overtaking and passing to be made in safety."

We think the evidence supports the view that the accident occurred while the driver of the Roberson car was in the act of passing the Curtis Candy truck, and the evidence reveals no act in connection therewith in violation of the statutes with respect to such attempted passing. The negligence, if any, on the part of the driver of the Rober-

son car must be determined in light of the plaintiff's presence in the street and whether or not Patsy Carroll used due care to avoid colliding with plaintiff after she observed him or should have observed him in the street. G.S. 20-174 (e).

Assignment of error No. 22 also challenges the correctness of the following portion of the court's instruction to the jury: "I charge you that if the plaintiff, Mr. Bass, crossed South Wilson Avenue at a point other than on a marked crosswalk, that it was his duty under General Statutes 20-174 (a) to yield the right of way to all vehicles upon the roadway, and if you find from the evidence and by its greater weight that he failed to yield the right of way to the defendant Patsy Roberson Carroll, and you find that she had the right of way, then this would be evidence of negligence on the part of the plaintiff, Mr. Bass."

It was error to leave it to the jury to determine whether or not defendant Patsy Carroll had the right of way. The law gave her the right of way. G.S. 20-174 in pertinent part provides: "(a) Every pedestrian crossing a roadway at any point other than within a marked crosswalk or within an unmarked crosswalk at an intersection shall yield the right of way to all vehicles upon the roadway. * * * (c) Between adjacent intersections at which traffic control signals are in operation pedestrians shall not cross at any place except in a marked crosswalk."

We deem it unnecessary to discuss the remaining assignments of error since they may not recur on another trial.

New trial.