ELLA GRIFFIN HARRIS v. WILLIS CLAYTON GUYTON AND WIFE, DOROTHY
BAUCOM GUYTON

No. 8126SC269

(Filed 3 November 1981)

1. **Automobiles § 90.9— instructions—duty to reduce speed properly omitted**

   In a personal injury action, the trial court was correct in omitting an instruction on defendant's duty to reduce her speed as necessary to avoid an obstruction in the street as there was insufficient evidence presented to warrant that instruction.

2. **Automobiles § 90.9— failure to instruct on violation of safety statute—no error**

   In a personal injury action where the feme defendant lost control of her car after swerving to avoid a shopping cart, the trial court did not err in omitting an instruction on a violation of N.C.G.S. 20-146 nor did it err in not limiting its instruction on the doctrine of sudden emergency. Once defendant was confronted with a sudden emergency, the doctrine overrode the mandatory standards of N.C.G.S. 20-146(a)(2) and the violation of the statute was not what proximately caused plaintiff's injuries.

APPEAL by plaintiff from *Owens, Judge.* Judgment entered 10 September 1980 and order entered 21 October 1980 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 20 October 1981.

This appeal arises out of a personal injury action resulting from an automobile accident. At trial the jury found in favor of the defendants on the issue of negligence. Plaintiff's motion for a new trial was denied.

The evidence tended to show that on 21 September 1975, at approximately 2:00 a.m., the defendant Dorothy Guyton was driving an automobile registered in the name of her husband, defendant Willis Guyton. She was proceeding in an easterly direction along Plaza Road in Charlotte, North Carolina. Plaintiff, Ella Harris, was a passenger in the front seat of the car. Mr. Guyton and Mr. Harris were seated in the back. Mrs. Guyton was travelling in the left-hand lane as she approached the intersection of Plaza Road and Camrose Drive. At that time she saw a shopping cart in the middle of her lane. In attempting to avoid this obstruction, Mrs. Guyton lost control of the car. According to plaintiff's testimony, Mrs. Guyton swerved to the right, then back to the left. The car went up an embankment, hit an advertising sign, and

came to rest on the parking lot of a shopping center. As a result of the accident, the plaintiff suffered injuries to her neck and back. Defendant did not offer any evidence.

*Boyle, Alexander, Hord and Smith, by Norman A. Smith, for plaintiff appellant.*

*Hedrick, Feerick, Eatman, Gardner & Kincheloe, by Philip R. Hedrick and Mel J. Garofalo, for defendant appellees.*

MARTIN (Harry C.), Judge.

Plaintiff's assignments of error relate primarily to the trial court's omission of certain instructions to the jury. The only issues submitted to the jury on the question of defendants' negligence were whether Mrs. Guyton failed to keep a reasonable lookout and whether she failed to keep her vehicle under proper control. The trial judge also instructed on the doctrine of sudden emergency.

It is plaintiff's contention that the trial judge was required, under the facts of this case, to instruct on defendants' negligence in the following respects:

(1) Failure to reduce speed as necessary to avoid an obstruction in the street;

(2) Violation of N.C.G.S. 20-146(a), (c) and (d) in failing to drive upon the right-hand side of a street; driving to the left of the centerline; failing to drive as nearly as practicable entirely within a single lane, and moving from her lane before first ascertaining that the move could be made in safety. Violation of this statute constitutes negligence per se. *See, e.g., Reeves v. Hill,* 272 N.C. 352, 158 S.E. 2d 529 (1968).

[1] We find that the trial court was correct in omitting an instruction on defendant's duty to reduce her speed as necessary to avoid an obstruction in the street. At trial, no evidence of speed was introduced. Nor was there evidence that the defendant failed to reduce her speed when confronted with the shopping cart. Before a trial judge may instruct a jury on a particular issue, there must be sufficient evidence presented to warrant that instruction. *Childress v. Motor Lines,* 235 N.C. 522, 70 S.E. 2d 558 (1952).

[2]  Likewise, we find no error in the trial court's omission of an instruction on a violation of N.C.G.S. 20-146. A safety statute such as the one in question is pertinent only when there is evidence tending to show the violation proximately caused the injuries. *Powell v. Clark*, 255 N.C. 707, 122 S.E. 2d 706 (1961); *Ingram v. Smoky Mountain Stages, Inc.*, 225 N.C. 444, 35 S.E. 2d 337 (1945).

In *Powell*, our Supreme Court held as prejudicial error the trial court's instruction to the jury on N.C.G.S. 20-146, under facts substantially similar to the present case. The Court held that N.C.G.S. 20-146 was inapplicable in an action by a guest passenger for injuries received when the driver lost control of the vehicle and as a result, drove off the road. "Its purpose is the protection of occupants of other vehicles then using the public highway and pedestrians and property thereon." 255 N.C. at 710, 122 S.E. 2d at 708. Once the defendant lost control of her car, "by reason of her own negligence or otherwise, the fact that the car went off the left rather than the right side of the road was not a proximate cause of plaintiff's injuries." *Id.* at 711, 122 S.E. 2d at 708.

Plaintiff also contends that the trial court erred

in failing to instruct the jury that, in order for a sudden emergency to excuse compliance with a motorist's statutory duty to drive solely on the righthand side of the street, the motorist seeking to avoid compliance with the statutory duty must prove by the greater weight of the evidence that he or she has met the requirements for avoidance set out in the statute, that is, that there was no reasonable alternative method of avoiding the partial obstruction in the street than crossing the center line of the street and that he or she exercised such care as a reasonably prudent person would have exercised under the circumstances, considering the statutory standards.

The statutory standards to which plaintiff refers appear in N.C.G.S. 20-146 as follows:

(a) Upon all [highways] of sufficient width a vehicle shall be driven upon the right half of the highway except as follows:

   .  .  .  .

   (2) When an obstruction exists making it necessary to drive to the left of the center of the highway; provided, any person so doing shall yield the right-of-way to

all vehicles travelling in the proper direction upon the unobstructed portion of the highway within such distance as to constitute an immediate hazard;

N.C. Gen. Stat. § 20-146(a)(2) (1978).

The North Carolina courts have followed the general rule with respect to the application of the doctrine of sudden emergency. "One faced with a sudden emergency, not reasonably to be anticipated, is not held to a standard of care greater than that which a reasonable person would exercise under like circumstances." *Smith v. VonCannon,* 283 N.C. 656, 660, 197 S.E. 2d 524, 527 (1973). Moreover, "[t]hat the action or course taken in an effort to avoid the threatened peril is contrary to the law of the road or to the directions of a traffic regulation has been held not to preclude the giving of an instruction on the sudden emergency rule." Annot., 80 A.L.R. 2d 5, 73 (1961); *Dinkins v. Booe,* 252 N.C. 731, 114 S.E. 2d 672 (1960).

The trial court was correct in not limiting the instruction on the doctrine of sudden emergency. The doctrine overrides the mandatory standards of N.C.G.S. 20-146(a)(2).

We have reviewed plaintiff's assignments of error regarding the trial court's summary of the evidence and his failure to grant plaintiff's motion for a new trial. Based on the foregoing, we find these assignments of error without merit.

No error.

Judges VAUGHN and CLARK concur.