SUSAN HELENE MASON, BY HER NEXT FRIEND, MARY LOU MASON v. LUNDY GILLIKIN, JR., AND JAMES EVERETT LAWRENCE.

(Filed 21 March, 1962.)

**1. Automobiles §§ 30½, 41b.1—**

Evidence favorable to plaintiff tending to show that defendants started from the same point on the highway and drove their respective cars at excessive speed for a distance of almost a mile, the one following closely behind the other up to the point of the accident, *is held* sufficient to support a finding that defendants wilfully engaged in a speed competition in violation of G.S. 20-141.3(b), so that each would be liable for injuries resulting therefrom regardless of which of the racing cars actually inflicted injury.

**2. Automobiles § 41d—**

Evidence that one defendant, while traveling at excessive speed, in attempting to pass the car preceeding him, drove to his left and struck a third car which was standing on its side of the highway, headed in the opposite direction, *is held* sufficient to to be submitted to the jury on the issue of such defendant's negligence.

**3. Appeal and Error § 1—**

Where it is decided on appeal that motion to nonsuit was correctly denied but a new trial is awarded on other exceptions, the Supreme Court will refrain from discussing the evidence except to the extent necessary to show the reasons for the conclusion reached.

**4. Automobiles § 37; Evidence § 35—**

Plaintiff sought to hold defendants liable as joint tort-feasors in wilfully engaging in a speed competition resulting in a collision between one of the racing cars and a third car in which plaintiff was a passenger. Testimony on cross-examination of the driver of the car in which plain-

MASON *v.* GILLIKIN.

tiff was riding to the effect that defendants were "racing" is incompetent as opinion evidence invading the province of the jury, and is prejudicial to both defendants.

**5. Automobiles § 37; Evidence § 16—**

In an automobile accident suit it is prejudicial error to permit plaintiff to cross-examine a defendant as to whether he had been involved in prior and unrelated collisions.

SHARP, J., took no part in the consideration or decision of this case.

APPEAL by defendants from *Bone, J.,* October Term 1961 of CARTERET.

Plaintiff's action is to recover damages for personal injuries resulting from a collision on U. S. Highway #70 approximately four miles from Beaufort, between 7:00 and 7:30 p.m., on August 21, 1959, between a 1953 Oldsmobile operated by Elton Lee Mason, plaintiff's father (hereafter referred to as Mason), and a 1953 Oldsmobile operated by defendant Gillikin. Plaintiff, a four-year old girl, was a passenger in her father's car. She alleged the collision and her injuries were proximately caused by the concurring negligence of defendants.

U. S. Highway #70, where the collision occurred, runs north-south. Mason, whose residence was on the west side of said highway, backed his car out of his private driveway onto said highway, intending to drive (south) to Beaufort. Defendant Lawrence, operating a 1956 Oldsmobile, and defendant Gillikin, operating a 1953 Oldsmobile, were traveling north on said highway. The only collision was between the Gillikin and Mason cars.

Plaintiff alleged the collision and her injuries were proximately caused by the concurring negligence of defendants. She alleged defendants, and each of them, (1) were guilty of reckless driving as defined in G.S. 20-140; (2) were operating their cars on a public highway wilfully in speed competition with each other in violation of G.S. 20-141.3; (3) were operating their cars "at a fast, furious and highly dangerous rate of speed," to wit, "in excess of 80 miles per hour." In addition, she alleged, as to defendant Gillikin, (1) that he failed to keep his car under proper control; (2) that he followed the Lawrence car so closely "his vision of the Mason automobile was blocked" thereby; and (3) that he "suddenly and abruptly pulled out from his right-hand lane of traffic onto and across the white line and into his left-hand, or west lane of traffic," without first ascertaining whether such movement could be made in safety. Plaintiff alleged she was entitled to recover damages in amount of $20,000.00.

Defendants, in separate answers, denied all allegations as to their negligence. Defendant Gillikin, based on facts set forth, alleged the

negligence of Mason was the sole proximate cause of the collision. Defendant Lawrence, based on facts set forth, alleged he had passed the Mason car before the Gillikin and Mason cars collided and that he "was in no way involved in said collision and did nothing whatsoever to cause or contribute to said collision which occurred between said other two vehicles."

Evidence was offered by plaintiff and by each defendant.

Evidence favorable to plaintiff, summarized, tended to show: Lawrence, in his 1956 Oldsmobile, and Gillikin, in his 1953 Oldsmobile, started, shortly after 7:00 p.m., both headed north, the Lawrence car in front of the Gillikin car, from a point on U. S. Highway #70 near a "grapevine" or vineyard. There were two sharp curves in the highway between the "grapevine" and Mason's driveway. From the "grapevine" to the first curve, the distance was less than one-fourth of a mile. From the first curve to the second, the highway was straight and the distance was about one-fourth of a mile. From the second curve to Mason's driveway, the highway was straight and the distance was four-tenths of a mile. As the cars proceeded around the first curve, along the straight between the two curves and from the second curve towards Mason's driveway, they were traveling at a speed of from 85 to 95 miles per hour. During this time, the Gillikin car was close behind the Lawrence car; but, as they approached the Mason driveway, Gillikin pulled out to his left in an attempt to pass Lawrence, and was traveling in his left (west) lane when he struck the side of the Mason car. Before Gillikin pulled out to pass Lawrence, Mason had backed out onto the west side of the highway, had stopped and was headed at an angle (southwesterly) and was about to straighten his car and drive south towards Beaufort.

Evidence favorable to defendants, summarized, tended to show: They were driving north on said highway. Gillikin did, but Lawrence did not, start from the "grapevine." Gillikin, driving north, overtook what he learned later was the Lawrence car. Lawrence did not know who was driving the car that was overtaking him. Lawrence was driving at a speed of 40-45 miles per hour. Gillikin was driving at a speed of 50-55 miles per hour. Gillikin was several car lengths behind Lawrence. Gillikin pulled out to his left to pass Lawrence before Mason backed his car onto the highway. As the two cars approached, Mason backed onto the highway, crossing the center line and into the east lane. Lawrence, by pulling to his right onto the shoulder, avoided striking the Mason car. Gillikin was unable to avoid striking the Mason car.

Evidence for plaintiff and evidence for defendants was in sharp conflict as to other particulars, including the following: (1) as to the exact time of the collision, whether it was then dark or "dusk dark," and as

to visibility independent of car lights; (2) as to whether the lights on Mason's car were burning; and (3) as to the distance of defendants' cars, south of Mason's driveway, when Mason backed onto the highway and when Gillikin pulled out to his left to pass Lawrence.

Motions for judgment of nonsuit were made by each defendant and were overruled. Each defendant excepted.

The court submitted and the jury answered the following issues: "1. Was the plaintiff injured by the negligence of the defendant Lundy Gillikin, Jr., as alleged in the complaint? Answer: Yes. 2. Was the plaintiff injured by the negligence of the defendant, James Everett Lawrence, as alleged in the complaint? Answer: Yes. 3. What amount, if any, is plaintiff entitled to recover? Answer: $7,500.00."

Judgment "that the plaintiff have and recover of the defendants jointly and severally the sum of $7,500.00" and costs, was entered. Each defendant excepted and appealed; and each defendant, based on exceptions separately taken by him, sets forth separate assignments of error.

*Harvey Hamilton, Jr., for plaintiff appellee.*

*C. R. Wheatly, Jr., and Thomas S. Bennett for defendant Gillikin, appellant.*

*Barden, Stith & McCotter for defendant Lawrence, appellant.*

BOBBITT, J. In *Boykin v. Bennett,* 253 N.C. 725, 731, 118 S.E. 2d 12, this Court, in opinion by *Moore, J.,* held: "The violation of the racing statute, G.S. 20-141.3(a) and (b), is negligence *per se.* Those who participate are on a joint venture and are encouraging and inciting each other. The primary negligence involved is the race itself. All who wilfully participate in speed competition between motor vehicles on a public highway are jointly and concurrently negligent and, if damage to one not involved in the race proximately results from it, all participants are liable, regardless of which of the racing cars actually inflicts the injury . . ."

The evidence, when considered in the light most favorable to plaintiff, was, in our opinion, sufficient to support a finding that Gillikin and Lawrence operated their cars wilfully in speed competition in violation of G.S. 20-141.3(b) and that their negligence in this respect proximately caused the collision. As to Gillikin, independent of whether he and Lawrence operated their cars wilfully in speed competition, there was sufficient evidence to support a finding that his negligence, in other respects, proximately caused the collision. Hence, the court's action, in overruling defendants' motions for judgment of nonsuit, is approved.

Since a new trial is awarded, we refrain from discussing the evidence

presently before us except to the extent necessary to show the reasons for the conclusion reached. *McGinnis v. Robinson,* 252 N.C. 574, 576, 114 S.E. 2d 365; *Tucker v. Moorefield,* 250 N.C. 340, 342, 108 S.E. 2d 637, and cases cited.

On direct examination, Mason testified in detail as to what he saw with reference to the approaching cars of Lawrence and Gillikin, the course of travel and speed of each, etc., until the Gillikin and Mason cars collided. On cross-examination, he was asked this question: "You knew you didn't have time to back in front of him (Lawrence) if he had been, if you had gotten on his side of the road?" Objection by defendant Lawrence was overruled and Mason answered: "I would have if he hadn't been *racing.*" (Our italics) Defendant Lawrence moved to strike the answer. The court overruled said motion and defendant Lawrence excepted. Thereupon, Mason testified he "didn't form any estimate of the speed until it (Lawrence car) got within a hundred yards of (him)." Mason was then asked: "Your side of the road was clear?" Objection by defendant Lawrence was overruled and Mason answered: "If I had known anybody was *racing,* I sure would have waited until they got by." (Our italics) Defendant Lawrence moved to strike the answer. The court overruled said motion and defendant Lawrence excepted.

Defendant Lawrence contends, and rightly so, that the court erred in denying his motions to strike Mason's said answers wherein Mason testified, in effect, that Lawrence and Gillikin were racing. This testimony, in our opinion, clearly invaded the province of the jury. Whether negligence on the part of Lawrence proximately caused plaintiff's injuries depended upon whether Lawrence and Gillikin operated their cars wilfully in speed competition, that is, wilfully engaged in "racing." This was the critical controverted issue as between plaintiff and Lawrence and a primary controverted issue as between plaintiff and Gillikin.

"A witness must ordinarily confine his testimony to matters within his actual knowledge. He cannot, over objection, be asked questions calling for, or permitted to express, his opinion or conclusion upon facts which are in the province of, and are to be determined by, the jury or by the court trying a case without a jury, provided those facts are capable of being so detailed and described that they can be fully placed before the jury or the court by the witness or by other witnesses having actual knowledge of them." 20 Am. Jur., Evidence § 765.

"Conclusions of a witness as to the issue of negligence and related issues are inadmissible where the material facts can be placed before the jury for their consideration and they are competent to draw a correct inference therefrom." 32 C.J.S., Evidence § 448.

Our decisions are in full accord: *Bevan v. Carter*, 210 N.C. 291, 186 S.E. 321; *Tyndall v. Hines Co.*, 226 N.C. 620, 39 S.E. 2d 828; *Wood v. Insurance Co.*, 243 N.C. 158, 160, 90 S.E. 2d 310, and cases cited; *Jones v. Bailey*, 246 N.C. 599, 601, 99 S.E. 2d 768, and cases cited.

While it does not appear that defendant Gillikin moved to strike Mason's testimony as to "racing," it would appear that this incompetent evidence was prejudicial alike to Lawrence and to Gillikin.

On cross-examination, counsel for plaintiff, over objections by defendant Gillikin, was permitted to question Gillikin as to the number of accidents or wrecks in which he had been involved. The court overruled each and all of his objections and defendant Gillikin excepted. In this manner, testimony was elicited that Gillikin had been involved in two or three wrecks, including the collision with the Mason car, and specifically that he had been (on some unidentified occasion) in an accident involving a car he was driving and a car one Connie Gillikin was driving. Defendant Gillikin contends, and rightly so, that testimony as to unrelated wrecks or collisions in which he had been involved was incompetent and that his objections should have been sustained.

"Generally, evidence of a driver's previous accidents is inadmissible in a civil action arising out of a motor vehicle accident, since such evidence is immaterial in the determination of the driver's negligence on the occasion in question. Conversely, it is also generally held that evidence that a driver has not been involved in any prior accidents is not competent as to the issue of the driver's negligence in the accident in question." 5A Am. Jur., Automobiles and Highway Traffic § 946; Annotation: "Admissibility, in civil motor vehicle accident case, of evidence that driver was or was not involved in previous accidents," 20 A.L.R. 2d 1210 *et seq.*, and supplemental decisions; Blashfield, Cyclopedia of Automobile Law and Practice, Permanent Edition, Vol. 9C, § 6210; Huddy, Cyclopedia of Automobile Law, Ninth Edition, Vol. 15-16, Sec. 203.

In *Heath v. Kirkman*, 240 N.C. 303, 307, 82 S.E. 2d 104, it is stated: "But evidence of reputation for negligence or of acts of negligence on prior unrelated occasions is not competent to show that the driver was negligent on the occasion of plaintiff's injury. *Robbins v. Alexander*, 219 N.C. 475, 14 S.E. 2d 425." "As a general rule, evidence of other accidents or occurrences is not competent and should not be admitted." *Karpf v. Adams*, 237 N.C. 106, 74 S.E. 2d 325. In the present case, nothing appears to indicate the said evidence was competent under any exception to said general rule.

We are of opinion, and so hold, that the admission of incompetent

evidence, as indicated above, was sufficiently prejudicial to entitle both defendants to a new trial. Having reached this conclusion, it is unnecessary to discuss questions raised by defendants' other assignments of error.

New trial.

SHARP, J., took no part in the consideration or decision of this case.