RUBY QUEEN v. DAVID JARRETT AND HAROLD R. MITCHELL.

(Filed 11 January 1963.)

**1. Automobiles § 41h—**

Allegations to the effect that a defendant failed to keep a proper lookout and observe traffic conditions and drove his vehicle to the left of the center of the highway as a following vehicle was attempting to pull around him to pass, is *held* sufficient, with supporting evidence, to present the question of such defendant's negligence in violating G.S. 20-154, notwithstanding the failure of the complaint to refer to the statute.

**2. Automobiles § 41d—**

Plaintiff passenger's evidence that defendants were both traveling north on a three-lane highway and that as the following vehicle was attempting to pass in a passing zone for northbound traffic, the driver of the preceding vehicle turned from a direct line of travel without first seeing that such movement could be made in safety and without giving the required signal, and collided with the right front of the following vehicle, is *held* sufficient to be submitted to the jury on the issue of such defendant's negligence. Whether the evidence of the other defendant or plaintiff's evidence introduced after plaintiff had rested her case against the first defendant should be considered in passing on the first defendant's motion to nonsuit, quaere?

**3. Pleadings § 28—**

Plaintiff must make out his case *secundum allegata*.

**4. Automobiles § 46—**

In plaintiff passenger's action to recover for injuries received in a collision between two vehicles traveling in the same direction as one attempted to pass the other, plaintiff's allegations that the collision resulted from each driver turning from a direct line, without reference to speed as a proximate cause of the accident, do not present the question

of liability on the ground of excessive speed, and therefore extended instructions as to the statutory provisions relating to speed and speed zones are not applicable and constitute prejudicial error.

APPEAL by defendants from *Phillips, J.,* April, 1962, Civil Term of DAVIDSON.

Civil action growing out of a collision that occurred April 17, 1961, about 7:00 a.m., on Westchester Drive (Highway #68) in High Point, North Carolina, between a 1953 Buick, owned and operated by defendant Jarrett, and a 1956 Chevrolet pickup truck, owned and operated by defendant Mitchell. Plaintiff was a guest passenger in the Jarrett car, riding on the right front seat.

Westchester Drive was a three-lane, north-south highway. Both vehicles had been proceeding north, the Mitchell truck in front of the Jarrett car. The collision occurred on a portion of Westchester Drive designated and marked as a passing zone for northbound traffic.

Plaintiff alleged "the defendant Jarrett turned his automobile to his left and attempted to pass the defendant Mitchell; that as the defendant Jarrett attempted to pull around the defendant Mitchell, the defendant Mitchell also pulled his truck to the left of the center of the highway, at which time the right front of the defendant Jarrett's automobile collided with the left rear side of the defendant Mitchell's truck, and immediately thereafter the defendant Jarrett lost control of his automobile and the same ran off the highway down an embankment on the West side of the highway"; and plaintiff was injured on account thereof.

Plaintiff alleged the collision and her injuries were proximately caused by the joint and concurrent negligence of Jarrett and Mitchell. In addition to particular allegations set forth below, plaintiff alleged each defendant operated his car (truck) upon said highway "carelessly and heedlessly, in willful and wanton disregard of the rights and safety of others, and without due caution and circumspection, and at a speed and in a manner so as to endanger, or be likely to endanger persons and property upon said highway."

As to Jarrett, plaintiff alleged, in substance, (a) that he followed the Mitchell truck more closely than was reasonable and prudent in violation of G.S. 20-152; (b) that, when attempting to overtake the Mitchell truck, he failed to pass at least two feet to the left thereof in violation of G.S. 20-149; and (c) that he failed to keep a proper lookout ahead of him and to observe the traffic conditions then and there existing upon the highway.

As to Mitchell, plaintiff alleged, in substance, (a) that he failed to give way to the right in favor of the Jarrett car when it was over-

taking and attempting to pass him and increased the speed of his truck before the Jarrett car had passed him in violation of G.S. 20-151; and (b) that he failed to keep a proper lookout and to observe the traffic conditions then and there existing upon said highway.

In separate answers, each defendant, while admitting the negligence of his codefendant in the respects alleged by plaintiff proximately caused plaintiff's injury, denied all of plaintiff's allegations relating to his own alleged actionable negligence. Each defendant admitted the collision was between the right front of the Jarrett car and the left rear of the Mitchell truck.

After said pleadings had been filed, plaintiff, by leave of court, filed an amendment to her complaint in which she alleged, with reference to each defendant, that "(h)e was operating his automobile (truck) within the city limits of High Point, N. C., at an unlawful rate of speed in excess of 35 miles per hour, said speed limit of 35 miles per hour being lawfully established by proper signs lawfully erected and maintained by the State Highway Commission." Jarrett answered said amendment and denied the allegations thereof. Mitchell's answer to said amendment, if any, does not appear in the record.

At the conclusion of plaintiff's evidence, each defendant moved for judgment of nonsuit and excepted to the court's denial thereof. Evidence was then offered by defendant Jarratt. At the conclusion thereof defendant Mitchell renewed his motion for judgment of nonsuit and excepted to the court's denial thereof. Defendant Mitchell then rested his case, without offering evidence, and again moved for judgment of nonsuit and excepted to the court's denial thereof. Thereupon, plaintiff offered additional evidence and, as part of plaintiff's additional evidence, defendant Mitchell was called and examined as a witness by plaintiff. At the conclusion of plaintiff's additional evidence, which was at the conclusion of all the evidence, each defendant moved for judgment of nonsuit and excepted to the court's denial thereof.

The court submitted and the jury answered three issues, viz.:

"1. Was plaintiff injured by the negligence of the defendant, David Jarrett, as alleged in the Complaint? ANSWER: Yes.

"2. Was plaintiff injured by the negligence of the defendant, Harold R. Mitchell, as alleged in the complaint? ANSWER: Yes.

"3. What amount, if any, is plaintiff entitled to recover on account of said injuries? ANSWER: $7,000.00."

Judgment, "that the plaintiff have and recover of the defendants the sum of seven thousand dollars ($7,000.00) together with the costs to be taxed by the Clerk," was entered. Each defendant excepted and appealed.

*W. H. Steed for plaintiff appellee.*

*Deal, Hutchins & Minor for defendant appellant Jarrett.*

*Jordan, Wright, Henson & Nichols and G. Marlin Evans for defendant appellant Mitchell.*

BOBBITT, J. The appeal of each defendant requires separate consideration.

## MITCHELL'S APPEAL

Mitchell's only assignment of error is directed to the court's denial of his motions for judgment of nonsuit.

When plaintiff offered her evidence and rested, Mitchell moved for judgment of nonsuit; and, when the court refused his said motion, Mitchell excepted to the court's ruling and announced that he did not choose to introduce evidence. G.S. 1-183. He contends he did not offer evidence or otherwise waive his exception to said ruling.

Unquestionably, testimony *subsequently* offered by Jarrett and by plaintiff includes evidence favorable to plaintiff. Mitchell contends this evidence may not be considered, that the question as to nonsuit is whether the evidence offered by plaintiff before she (originally) rested her case was sufficient to support a finding that plaintiff was injured by his (Mitchell's) actionable negligence. As in *Van Landingham v. Sewing Machine Co.,* 207 N.C. 355, 177 S.E. 126, where a similar question was raised, we find it unnecessary on this record to pass upon Mitchell's said contention.

Mitchell contends his said motion for judgment of nonsuit should have been allowed because the evidence was insufficient *to support plaintiff's allegations* as to his (Mitchell's) actionable negligence.

According to plaintiff's testimony, Jarrett had been following the Mitchell truck "about a mile or half a mile," stayed "within four or five feet of it," both vehicles proceeding north in the east traffic lane at a speed of 55 miles per hour when they reached and entered the passing zone.

There is merit in Mitchell's contention that G.S. 20-151 is not applicable to the factual situation presented by plaintiff's evidence. *Dreher v. Divine,* 192 N.C. 325, 135 S.E. 29. Moreover, as discussed in connection with Jarrett's appeal, according to plaintiff's allegations and testimony, the collision was proximately caused by the act of each defendant in turning from a direct line of traffic, not because Jarrett or Mitchell was driving at excessive speed. Too, while plaintiff, as set forth in the statement of facts, alleged each defendant violated the provisions of the reckless driving statute, G.S. 20-140, she did not indicate

the conduct she considered "reckless driving." In this connection, see *Dunlap v. Lee*, 257 N.C. 447, 126 S.E. 2d 62.

Plaintiff did allege Mitchell "failed to keep a proper lookout and failed to observe the traffic conditions then and there existing upon said highway." This allegation must be considered in relation to plaintiff's basic factual allegation, namely, "as the defendant Jarrett attempted to pull around the defendant Mitchell, the defendant Mitchell also pulled his truck to the left of the center of the highway, at which time the right front of the defendant Jarrett's automobile collided with the left rear side of the defendant Mitchell's truck."

According to plaintiff's evidence, there was, within the passing zone, a line of traffic, "other traffic ahead of the pickup truck." Plaintiff testified (1) that she saw no signal given by Mitchell "for a change of lane," and (2) that "the rear bumper of the pickup truck caught the right front fender of Jarrett's car." True, plaintiff testified that Jarrett blew his horn just as he pulled out to pass the pickup truck. Moreover, the collision occurred in a zone where it might be reasonably anticipated that passing would be attempted.

The provisions of G.S. 20-154 are pertinent to the basic factual situation alleged by plaintiff. Moreover, plaintiff's testimony, when considered in the light most favorable to her, was sufficient to support findings that Mitchell, in violation of G.S. 20-154, turned from a direct line of travel (1) without seeing that such movement could be made in safety, and (2) without giving the required signal of his intention to do so.

True, plaintiff's allegations contain no reference to G.S. 20-154. Nor does plaintiff allege Mitchell failed to signal his intention to turn from his direct line of travel. Even so, without reference to statutory provisions, plaintiff's allegations, as indicated above, to the effect that Mitchell, without keeping a proper lookout and without observing traffic conditions then and there existing upon the highway, drove his truck to the left of the center of the highway *as Jarrett was attempting to pull around him*, and the evidence in support thereof, were sufficient to require submission of an issue as to Mitchell's actionable negligence and to support a jury finding in favor of plaintiff. We are of opinion, and so decide, that the evidence offered by plaintiff before she (originally) rested her case was sufficient to withstand Mitchell's motion for judgment of nonsuit.

Since Mitchell does not assign error in any other respect, the verdict and judgment, as between plaintiff and defendant Mitchell, will not be disturbed.

## JARRETT'S APPEAL

The only assignments of error brought forward and discussed in Jarrett's brief relate to the court's instructions to the jury.

Jarrett excepted to and assigns as error the following portion of the court's charge:

> "So, as you find from the evidence and by the greater weight thereof, the burden of proof being on the plaintiff to so satisfy you, if you find it was a thirty-five mile zone, then you will consider the maximum speed for each of the vehicles to be thirty-five; but if you fail to so find from the evidence and by the greater weight thereof, then the speed restriction will be the open-road or fifty-five miles per hour as the maximum speed."

There was uncontradicted evidence that the area in which the collison occurred was annexed to and became a part of the City of High Point early in 1961 and that Westchester Drive was "kind of a by-pass around High Point." Elsewhere in the charge, the court instructed the jury that, according to all the evidence, the place where the collision occurred was not in a business or residential district.

Preceding the quoted portion, the court, in instructing the jury, read the provisions of paragraphs (a), (b), except subsection 3 thereof, (c), and (d), of G.S. 20-141 as set forth in G.S. Volume 1C, Recompiled 1953.

G.S. 20-141(d) provides:

> "Whenever the State Highway Commission shall determine upon the basis of an engineering and traffic investigation that any speed hereinbefore set forth is greater than is reasonable or safe under the conditions found to exist at any intersection or other place or upon any part of a highway, said Commission shall determine and declare a reasonable and safe speed limit thereat, which shall be effective when appropriate signs giving notice thereof are erected at such intersection or other place or part of the highway."

Immediately preceding the quoted portion, the court, reviewing the contentions of plaintiff and of defendants, respectively, with reference to whether the collision occurred within a 35-mile speed zone, said:

> "Plaintiff insists and contends that at the time of this accident that only two signs were there leading up north in the direction of the place of the accident—that one was some two miles or more back which said a 'thirty-five mile zone,' and then another one was about one and six-tenths miles by measurement from the place of the accident, and that that was the last thirty-five mile zone

sign; that there were no other speed restriction signs placed on the highway by the Highway Commission at any place between where the first sign was placed and where the second sign was placed and where the point of the accident took place. Therefore, plaintiff insists and contends that you should find that it was a thirty-five mile zone.

"The defendants on the other hand insist and contend that they were too far away from the nearest sign to designate this area as a thirty-five mile zone, but that on the date of the accident, some year ago, there was a sign in between the two, beyond the last one which was one and six-tenths miles from the place of the accident, stating 'Resume safe Speed' which was a highway sign but which has been removed; and that neither of the signs was close enough to establish this area as a thirty-five mile zone from the signs erected by the Highway Commission."

For the reasons stated below, we think the quoted instruction is erroneous and prejudicial and that Jarrett is entitled to a new trial on account thereof.

In addition to the evidence referred to in the court's quoted review of contentions, there was other evidence as to highway (speed) signs, the location thereof and when observed. Moreover, there were conflicts in the evidence relating to such signs. Assuming, but not deciding, there was evidence which, when considered in the light most favorable to plaintiff, would support a finding that the Highway Commission had erected appropriate signs giving notice to northbound traffic that the portion of Westchester Drive in which the collision occurred was in a 35-mile speed zone, the quoted instruction is deficient in that it fails to provide the jury with any guide or standard as to what facts plaintiff was required to establish as a basis for a finding that the collision occurred within a 35-mile speed zone. Hence, the quoted instruction does not comply with the requirements of G.S. 1-180.

There was evidence that, immediately preceding the collision, both Jarrett and Mitchell were operating their respective motor vehicles at a speed in excess of 35 miles per hour. However, if it be conceded that the collision occurrred within a 35-mile speed zone, and if the collision occurred as set forth in plaintiff's allegations and evidence, it does not appear that excessive speed was a proximate cause of the collision.

It is well settled that a plaintiff must make out his case *secundum allegata*. His recovery, if any, must be on the cause of action alleged in the complaint. *Nix v. English,* 254 N.C. 414, 421, 119 S.E. 2d 220, and cases cited: *Howell v. Smith,* 258 N.C. 150, 154, 128 S.E. 2d 144.

Plaintiff testified and alleged (as we construe her complaint) that both Mitchell and Jarrett had been and were proceeding in the east lane when they entered the zone where passing was permitted, the Jarrett car directly behind the Mitchell truck. Nothing in plaintiff's allegations or testimony indicates Jarrett by reason of excessive speed collided with the rear of the Mitchell truck. According to the facts alleged by plaintiff and according to her testimony, the collision was proximately caused by the act of each defendant in turning from a direct line of traffic, not because Jarrett or Mitchell was driving at excessive speed. Hence, the extended instructions as to statutory provisions relating to speed and speed zones were inapplicable to the factual situation set forth in plaintiff's allegations and testimony. Under these circumstances, we are constrained to hold that such instructions were erroneous and prejudicial. *Powell v. Clark*, 255 N.C. 707, 711, 122 S.E. 2d 706, and cases cited.

True, if Mitchell's testimony were accepted, namely, testimony to the effect that Jarrett overtook and struck the rear of the Mitchell truck as it was proceeding straight in the center lane and alongside a station wagon (in the east lane) the Mitchell truck was passing, testimony as to excessive speed on the part of Jarrett would be relevant. However, this is not the case against Jarrett set forth in plaintiff's allegations and testimony. Obviously, the plaintiff cannot predicate her case against Mitchell on one basic factual situation and her case against Jarrett on a different and inconsistent basic factual situation.

In view of the foregoing, the verdict and judgment, as between plaintiff and defendant Jarrett, are vacated; and, as between plaintiff and Jarrett, there must be a new trial.

As to defendant Mitchell, no error.

As to defendant Jarrett, new trial.