NICOLY ELDON SASS v. LARRY CLAY THOMAS

No. 8730SC798

(Filed 19 July 1988)

1. **Automobiles and Other Vehicles § 45.2— testimony as to plaintiff's prior accident—evidence inadmissible and prejudicial**

   In an action to recover for injuries sustained by plaintiff in a collision between his motorcycle and defendant's automobile, the trial court erred in allowing defendant to cross-examine plaintiff about a previous motorcycle accident, since this evidence was not admissible to determine whether the injuries for which plaintiff was seeking damages were proximately caused by the collision presently in question, and the inadmissible evidence was prejudicial to defendant.

2. **Automobiles and Other Vehicles § 9.3— changing lanes—duty to give turn signal**

   The change of lanes normally necessary in order to pass another vehicle is "turning from a direct line" which requires the giving of a visible signal pursuant to N.C.G.S. § 20-154(a).

3. **Automobiles and Other Vehicles § 54— passing while traveling in same direction—passing in no passing zone—jury question**

   In an action to recover for injuries sustained by plaintiff in a collision between his motorcycle and defendant's automobile, the trial court did not err in denying defendant's motion for directed verdict on the issue of plaintiff's contributory negligence, since a violation of N.C.G.S. § 20-150(e) which prohibits passing in a no passing zone is negligence per se if the violation proximately causes injury, but there was a question of fact as to whether plaintiff passed in a no passing zone.

APPEAL by plaintiff from *Kirby (Robert W.), Judge.* Judgment entered 4 February 1987 in Superior Court, HAYWOOD County. Heard in the Court of Appeals 14 January 1988.

---

---

*Smith & Queen, by Burton C. Smith, Jr. and Constance C. Moore, for plaintiff-appellant.*

*Robert G. McClure, Jr. for defendant-appellee.*

GREENE, Judge.

Nicoly Eldon Sass, plaintiff, appeals from a judgment denying his recovery for injuries sustained in an automobile collision after a jury found that he was contributorily negligent. Larry Clay Thomas, defendant, cross-assigns as error the trial court's denial of his motion for directed verdict.

The evidence at trial tended to show that plaintiff was driving a motorcycle east on a straight portion of State Road 1523 in Haywood County when he collided with the automobile driven by defendant. Defendant had backed onto the highway and was traveling in front of plaintiff in the same direction. When plaintiff was fifty to sixty feet behind defendant, plaintiff pulled out to pass defendant. Defendant then began making a left turn into a driveway. Plaintiff braked and skidded for twenty-five feet before colliding with defendant's car.

Defendant testified he turned on his left turn signal before beginning his turn. Plaintiff testified that he did not see defendant give a turn signal. The collision occurred at or near the beginning of a no passing zone which was marked by a solid yellow line in the eastbound lane. Defendant also elicited testimony from plaintiff concerning a previous motorcycle accident in which plaintiff had been involved.

At the close of plaintiff's case, the trial judge denied defendant's motion for a directed verdict. In his instructions concerning plaintiff's alleged contributory negligence, the trial judge instructed the jury on N.C.G.S. Sec. 20-154(a) (1983) which provides a driver must signal his intent when stopping, starting, or turning from a direct line if the operation of another vehicle may be affected.

---

The issues presented are: I) whether the trial judge erred in allowing into evidence testimony concerning plaintiff's prior motorcycle accident; II) whether the trial judge erred in instructing the jury that a passing motorist has a duty to give a visible

sign of his intention to pass where the operation of another vehicle may be affected; and III) whether the trial judge erred in denying defendant's motion for a directed verdict on the issue of plaintiff's contributory negligence.

I

[1]  Plaintiff first contends the trial court erred in allowing defendant to cross-examine him about a previous motorcycle accident. Defendant's attorney questioned plaintiff about whether plaintiff had wrecked a motorcycle that plaintiff had previously owned. Plaintiff argues this evidence was inadmissible as irrelevant and its admission was prejudicial error entitling him to a new trial.

The general rule is that " 'evidence of a driver's previous accidents is inadmissible in a civil action arising out of a motor vehicle accident, since such evidence is *immaterial in the determination of the driver's negligence* on the occasion in question.' " *Mason v. Gillikin*, 256 N.C. 527, 532, 124 S.E. 2d 537, 540 (1962) (emphasis added) (quoting 5A Am. Jur. *Automobiles and Highway Traffic* Sec. 946). However, evidence of similar injuries sustained in prior accidents may be admissible to determine whether the injuries, for which the plaintiff is seeking damages, were proximately caused by the collision presently in question. *See Fisher v. Thompson*, 50 N.C. App. 724, 730, 275 S.E. 2d 507, 512 (1981) (a comparison of the types of treatment plaintiff received after earlier accident and current accident provided evidence to the jury on the question of whether the injuries were caused by the current accident); *see also Khatib v. McDonald*, 87 Ill. App. 3d 1087, 1096, 410 N.E. 2d 266, 274 (1980) (evidence of prior accident involving similar injuries is admissible on the issue of the amount of damages and extent of injuries if there is a connection between the injuries caused by the two accidents).

Defendant argues that because plaintiff testified on direct examination about the damage done to his helmet in the present accident, plaintiff opened the door to questioning about whether some of this damage was caused in a previous accident. However, plaintiff specifically testified the helmet was new and that he was not wearing it during the previous accident. Furthermore, we note the record does not indicate plaintiff even sought damages for the helmet. In spite of this, defendant's attorney continued

questioning plaintiff about how the motorcycle he previously wrecked was faster and more powerful than the one involved in the current case. Defendant offers no other basis for these questions and our review of the record convinces us that they were irrelevant and therefore inadmissible. Furthermore, we hold this inadmissible evidence was prejudicial and entitled plaintiff to a new trial. *See Mason*, 256 N.C. 527, 124 S.E. 2d 537; and *Rouse v. Huffman*, 8 N.C. App. 307, 174 S.E. 2d 68 (1970); *see also Warren v. City of Asheville*, 74 N.C. App. 402, 409, 328 S.E. 2d 859, 864 (an error in the admission of evidence is a ground for granting new trial where appellant shows a different result would likely have ensued had the error not occurred), *disc. rev. denied*, 314 N.C. 336, 333 S.E. 2d 496 (1985).

## II

[2] Plaintiff next argues the trial court erred in instructing the jury concerning N.C.G.S. Sec. 20-154(a) on the issue of plaintiff's contributory negligence. That statute provides in pertinent part:

> The driver of any vehicle upon a highway before starting, stopping or *turning from a direct line* shall first see that such movement can be made in safety, . . . and *whenever the operation of any other vehicle may be affected* by such movement, *shall give a signal* as required in this section, plainly visible to the driver of such other vehicle, of the intention to make such movement.

N.C.G.S. Sec. 20-154(a) (emphasis added).

The question before us is whether the change of lanes normally necessary in order to pass another vehicle is "turning from a direct line" as that term is used in N.C.G.S. Sec. 20-154(a). In construing Section 20-154(a) it "must be accorded a reasonable and realistic interpretation to effect the legislative purpose." *Cooley v. Baker*, 231 N.C. 533, 536, 58 S.E. 2d 115, 117 (1950). The object of the statute "is to promote and not to obstruct vehicular travel." *Id*. at 535, 58 S.E. 2d at 117.

This provision is designed to impose upon a driver the legal duty to exercise reasonable care under the circumstances in ascertaining that his movement can be made with safety to himself and others before he actually undertakes the movement. *Id*. at 536, 58 S.E. 2d at 117. It does not mean that a motorist may not

make a turn on a highway unless the circumstances render such turning absolutely free from danger. The duty to signal is imposed only where the surrounding circumstances afford the driver reasonable grounds for apprehending his turn might affect the operation of another vehicle. *Id.* The turning driver has the right to take it for granted in the absence of notice to the contrary that the other motorist will maintain a proper lookout, drive at a lawful speed, and otherwise exercise due care to avoid collision with the turning vehicle. *Id.*

While we have found no North Carolina cases directly on point, we believe a change of lanes by a passing motorist may require the same precautions as an actual turn and that such an interpretation promotes safe vehicular travel. *See* 60A C.J.S. *Motor Vehicles* Sec. 303(5) at 268 (1969); *cf. Queen v. Jarrett*, 258 N.C. 405, 128 S.E. 2d 894 (1963) (stating that provisions of Section 20-154 were pertinent to case where leading car began changing lanes without signal and collided with vehicle attempting to pass it). Furthermore, we believe this reading is a reasonable and realistic interpretation of the statute. Therefore, we hold the trial court did not commit error in instructing the jury to consider N.C.G.S. Sec. 20-154(a) in determining the issue of plaintiff's contributory negligence.

### III

[3] In defendant's cross-assignment of error, defendant argues the trial court erred in denying his motion for directed verdict made at the close of all the evidence. Defendant contends that plaintiff was contributorily negligent as a matter of law in violating N.C.G.S. Sec. 20-150(e). That statute provides:

> The driver of a vehicle shall not overtake and pass another on any portion of the highway which is marked by signs, markers or markings placed by the Department of Transportation stating or clearly indicating that passing should not be attempted.

Violation of N.C.G.S. Sec. 20-150 is negligence per se if the violation proximately causes injury. *Duncan v. Ayres*, 55 N.C. App. 40, 43-44, 284 S.E. 2d 561, 564 (1981).

> The general rule is that a directed verdict for a defendant on the ground of contributory negligence may only be granted

when the evidence taken in the light most favorable to plaintiff establishes her negligence so clearly that no other reasonable inference or conclusion may be drawn therefrom. Contradictions or discrepancies in the evidence even when arising from plaintiff's evidence must be resolved by the jury rather than the trial judge.

*Clark v. Bodycombe*, 289 N.C. 246, 251, 221 S.E. 2d 506, 510 (1976).

The actual location of the yellow line and its proximity to the passing automobile were "evidential details" surrounding the accident. *See Rushing v. Polk*, 258 N.C. 256, 260, 128 S.E. 2d 675, 678 (1962). These questions as well as whether plaintiff's alleged violation of the statute was a proximate cause of the accident were all questions of fact for the jury where there was disputed evidence or the evidence was subject to more than one inference. Plaintiff testified he passed in a passing zone. The evidence shows the collision occurred almost exactly where the passing zone ends. This evidence failed to establish plaintiff's negligence so clearly that no other reasonable inference could have been drawn. Therefore, the trial court did not err in denying defendant's motion for a directed verdict.

For the reasons set out in Part I of this opinion, plaintiff is entitled to a

New trial.

Judges PARKER and COZORT concur.