STATE OF NORTH CAROLINA v. THOMAS MAYNARD BARNHILL

No. COA03-852

(Filed 7 September 2004)

**Searches and Seizures— traffic stop—speed of vehicle—personal observation of officer—probable cause**

The trial court erred by suppressing DWI evidence seized as a result of a speeding stop on the grounds that the officer had no speed detection device nor training in estimating speed and could

STATE v. BARNHILL

[166 N.C. App. 228 (2004)]

not articulate objective criteria on which to base his opinion of the vehicle's speed. The officer had an unobstructed view of the vehicle and ample opportunity to observe its progress, and his observation of its speed, the sound of its racing engine, and the car bouncing as it passed through an intersection furnished a sufficient blend of circumstances to establish a fair probability that defendant was speeding.

Appeal by plaintiff from judgment entered 13 March 2003 by Judge Milton F. Fitch, Jr. in Pitt County Superior Court. Heard in the Court of Appeals 20 April 2004.

*Attorney General Roy Cooper, by Special Deputy Attorney General Isaac T. Avery, III and Assistant Attorney General Patricia A. Duffy, for the State.*

*Angela H. Brown for defendant-appellant.*

STEELMAN, Judge.

The State appeals the trial court's order suppressing all the evidence obtained by an officer pursuant to his stop of defendant's vehicle. As a result of the stop, defendant was charged with speeding and driving while impaired.

The evidence presented at the hearing on the motion to suppress tended to show that on 22 June 2001, Officer Matthew Malone of the East Carolina University Police Department was on duty. He had parked his patrol car in a parking lot belonging to the university, which was on Fourth Street. At approximately 1:50 a.m., Officer Malone noticed a white Chevrolet truck heading eastbound on Fourth Street towards him. In Officer's Malone's opinion the vehicle was exceeding a safe speed, as he estimated the vehicle to be traveling 40 m.p.h. in a 25 m.p.h. zone. He testified he was basing this estimation on the fact he observed the truck for approximately five to ten seconds, and in that time the truck traveled approximately 750 feet, or a block and a half. However, on cross-examination, Officer Malone acknowledged he may have previously testified at defendant's civil revocation hearing, on 19 July 2001, that defendant's vehicle traveled 750 feet in thirty-five to forty seconds. Officer Malone also based his opinion that defendant was speeding on the fact that when he first saw the truck he could hear the vehicle's engine racing and the sound was "pretty loud" as defendant accelerated. Officer Malone further testified that the intersection through which defendant proceeded

was slightly elevated in the middle and when defendant came through the intersection it appeared the truck was bouncing because it had gone through at a high rate of speed. After observing defendant's vehicle, Officer Malone activated his blue lights and initiated a traffic stop. Defendant immediately began to brake and pulled over to the curb. As a result of that stop, defendant was charged with driving while impaired in violation of N.C. Gen. Stat. § 20-138.1 and driving a vehicle at "a speed greater than is reasonable and prudent under the conditions then existing" in violation of N.C. Gen. Stat. § 20-141(a).

On cross-examination, Officer Malone admitted he had never received any training in visually estimating the speed of moving vehicles, he was not certified to operate any type of speed detection device, and he did not know in measurable terms the actual distance the vehicle traveled, but estimated the distance. Additionally, the trial court found that Officer Malone did not testify that he witnessed defendant engage in any other criminal, traffic, or equipment violations.

The trial court concluded Officer Malone had not articulated any objective criteria on which to base his opinion of the vehicle's speed. As a result, the trial judge ordered all evidence obtained by the police as a result of the vehicle stop, be suppressed as its procurement violated defendant's constitutional right to be free from unreasonable search and seizure. The State appeals.

The State has the right to appeal an order by the superior court granting a motion to suppress prior to trial. N.C. Gen. Stat. § 15A-979(c) (2003). The sole issue before this Court is whether the trial court erred in granting defendant's motion to suppress. We conclude the trial court erred, and we accordingly reverse.

When evaluating a trial court's ruling on a motion to suppress, its findings of fact will be binding on appeal if supported by any competent evidence. *State v. Barden*, 356 N.C. 316, 332, 572 S.E.2d 108, 120-21 (2002), *cert. denied*, 538 U.S. 1040, 155 L. Ed. 2d 1074 (2003). " ' "Although the trial court's findings of fact are generally deemed conclusive where supported by competent evidence, 'a trial court's conclusions of law regarding whether the officer had reasonable suspicion [or probable cause] to detain a defendant is reviewable *de novo*." ' " *State v. Wilson*, 155 N.C. App. 89, 93-94, 574 S.E.2d 93, 97 (2002) (citations omitted) (alteration in original), *cert. denied*, 540 U.S. 843, 157 L. Ed. 2d 78 (2003). Furthermore, the trial court's conclusions of law " 'must be legally correct, reflecting a correct

application of applicable legal principles to the facts found.' " *Barden*, 356 N.C. at 332, 572 S.E.2d at 121 (citations omitted).

In the instant case, the trial court's conclusions of law reflect an incorrect application of legal principles to the facts found. In the trial court's conclusion of law it stated:

> 3. Any and all evidence obtained by the police as a result of the vehicle stop should be suppressed because the seizure of Mr. Barnhill's vehicle was **an unreasonable investigatory stop and not justified by a reasonable and articulable suspicion so as to yield a substantial possibility that criminal conduct had occurred, was occurring, or was about to occur.** *State v. Battle, 109 N.C. App. 367(1993)*

(emphasis in original). The trial court applied the "reasonable and articulable suspicion" standard to determine whether the stop of defendant's vehicle was justified. "While there are instances in which a traffic stop is also an investigatory stop, warranting the use of the lower standard of reasonable suspicion, the two are not always synonymous." *Wilson*, 155 N.C. App. at 94, 574 S.E.2d at 97. Where an officer makes a traffic stop based on a readily observed traffic violation, such as speeding or running a red light, such a stop will be valid if it was supported by probable cause. *Id. See also State v. Reynolds*, 161 N.C. App. 144, 147, 587 S.E.2d 456, 458 (2003). The standard the trial court applied, the reasonable suspicion standard, does not apply here, as the basis for the stop was speeding, a readily observed traffic violation.

Thus, we apply the probable cause standard to the facts of this case to determine if Officer Malone had sufficient justification to stop defendant's vehicle. "Probable cause is 'a suspicion produced by such facts as indicate a fair probability that the person seized has engaged in or is engaged in criminal activity.' " *Wilson*, 155 N.C. App. at 94, 574 S.E.2d at 97-98 (citations omitted). Officer Malone testified at the suppression hearing that he believed defendant to be speeding based on his personal observation of the speed of the vehicle, the racing of the engine, and the bouncing of the car through the intersection.

The trial court concluded, in what was designated as finding of fact No. 13,[1] that "[i]n the absence of any objective facts, or specific

---

1. The trial court's finding of fact No. 7, included in the record, is misnumbered and should be numbered 13. We also note that the classification as either a finding of fact or conclusion of law is not determinative. *In re Helms*, 127 N.C. App. 505, 510, 491 S.E.2d 672, 675 (1997). Finding of fact No. 13 is more appropriately classified as

training in speed estimation the Officer's opinion that the vehicle was traveling 40 m.p.h. is subjective and therefore immaterial and did not give the Officer legal justification to stop the Defendant's vehicle." The court also made the following findings regarding Officer Malone:

12(d). He could not provide any objective facts as to corroborate his opinion as to his opined distance or time.

12(g). He could not articulate any objective criteria on which to base his opinion of the vehicle's speed;

The order of the trial court would have the effect of preventing an officer from stopping a vehicle based solely upon the officer's observations, in the absence of some additional "objective facts" or "objective criteria" which supported the officer's opinion based upon his or her personal observations. This is contrary to the established case law and the North Carolina Rules of Evidence.

The North Carolina Rules of Evidence allow the opinion of a layperson to be admissible evidence if the witness is not testifying as an expert and his opinions or inferences are "(a) rationally based on the perception of the witness and (b) helpful to a clear understanding of his testimony or the determination of a fact in issue." N.C. Gen. Stat. § 8C-1, Rule 701 (2003). Furthermore, it is well established in this State, that any person of ordinary intelligence, who had a reasonable opportunity to observe a vehicle in motion and judge its speed may testify as to his estimation of the speed of that vehicle. *Insurance Co. v. Chantos*, 298 N.C. 246, 250, 258 S.E.2d 334, 336 (1979); *State v. Clayton*, 272 N.C. 377, 382, 158 S.E.2d 557, 560 (1968). " 'Absolute accuracy, however, is not required to make a witness competent to testify as to speed.' " *Clayton*, 272 N.C. at 382, 158 S.E.2d at 561.

Defendant suggests that it is irrelevant whether the officer's testimony was admissible or whether he was competent to testify at trial, as the issue is whether he had sufficient cause to stop defendant's truck. We disagree. Here, Officer Malone's competency to estimate the speed of the truck is being called into question because of his lack of specialized training to visually estimate speed. We find it relevant that if an ordinary citizen can estimate the speed of a vehicle, so can Officer Malone.

---

a conclusion of law and as such, we review it *de novo. State v. Hyatt*, 355 N.C. 642, 653, 566 S.E.2d 61, 69 (2002), *cert. denied*, 537 U.S. 1133, 154 L. Ed. 2d 823, (2003).

Furthermore, it is not necessary that an officer have specialized training to be able to visually estimate the speed of a vehicle. Excessive speed of a vehicle may be established by a law enforcement officer's opinion as to the vehicle's speed after observing it. In *State v. Wilson*, this Court found that a trooper's personal observation of the speed of defendant's vehicle, coupled with his observation that the vehicle was following to closely, provided him with "a sufficient blend of circumstances to establish . . . probable cause" to believe a violation had occurred. 155 N.C. App. at 95, 574 S.E.2d at 98 (2002).

The facts here are analogous. In the instant case, Officer Malone had an unobstructed view of the vehicle, as well as ample opportunity to observe defendant's progress up Fourth Street. Furthermore, Officer Malone's personal observation of the speed of defendant's truck, coupled with the sound of the engine racing and the bouncing of the car as it passed through the intersection, furnished him with a sufficient blend of circumstances to establish there was a fair probability that defendant was exceeding a speed greater than was reasonable and prudent under the conditions existing at that time in violation of N.C. Gen. Stat. § 20-141(a). Thus, Officer Malone had probable cause to stop defendant's vehicle.

As a result, the stop did not violate defendant's right to be free from unreasonable search and seizure. Since the stop was valid, any evidence which resulted from the stop need not be suppressed. *See State v. Carter*, 322 N.C. 709, 712, 370 S.E.2d 553, 555 (1988). Accordingly, we find the trial court erred in granting defendant's motion to suppress.

It should also be noted that in the trial court's conclusion of law No. 4, it stated: "Further, the Charging Officer's stated suspicion for the stop of the Defendant's vehicle was not based on any objective criteria, but rather on the Officer's subjective opinion, as such, an officer's subjective opinion is **immaterial.** *State v. McClendon*, 350 N.C. 630 (1999)[.]" (emphasis in original). The trial court's reliance on *State v. McClendon* is misplaced. In *McClendon*, our Supreme Court adopted the holding in *Whren v. United States*, 517 U.S. 806, 135 L. Ed. 2d (1996), and held that when judging police action related to probable cause, it should be judged in objective and not subjective terms. *State v. McClendon*, 350 N.C. 630, 635-36, 517 S.E.2d 128, 132 (1999). *McClendon* does not stand for the proposition that an officer cannot entertain a subjective impression, such as to speed. Rather, it holds that an officer's subjective motivation for stopping a vehicle is

irrelevant as to whether there are other objective criteria justifying the stop. *Id.* at 636, 517 S.E.2d at 131-32 (concluding police had probable cause and were justified in stopping defendant's vehicle for a speeding violation, despite the subsequent investigation for illegal drugs). Thus, the trial court's reliance on *McClendon,* for the proposition that an officer's suspicion for a stop which was based on that officer's subjective opinion was immaterial, is incorrect.

For the reasons discussed herein, we reverse the order of the trial court and this matter is remanded to the trial court for proceedings consistent with this opinion.

REVERSED AND REMANDED.

Judges WYNN and CALABRIA concur.