STATE OF NORTH CAROLINA v. CHRISTOPHER DON STYLES

No. COA06-684

(Filed 7 August 2007)

**1. Search and Seizure— stop of vehicle—traffic violation— motion to suppress evidence—probable cause**

The trial court did not err in a possession of schedule II controlled substances, drug paraphernalia, and marijuana case by denying defendant's motion to suppress the stop of his vehicle

and the evidence procured as a result of the subsequent search of the vehicle, because: (1) although the trial court's mention of an investigatory stop was erroneous since the officer's stop of defendant was based upon a readily observed traffic violation, the officer was required to have probable cause instead of reasonable suspicion to stop defendant; and (2) the officer had probable cause to stop defendant's vehicle based on defendant's violation of N.C.G.S. § 20-154(a) when he changed lanes without signaling.

**2. Appeal and Error— preservation of issues—failure to argue**

Assignments of error listed in the record but not argued in defendant's brief are deemed abandoned under N.C. R. App. P. 28(b)(6).

Judge STEPHENS dissenting.

Appeal by defendant from judgment entered 3 November 2005 by Judge C. Preston Cornelius in Swain County Superior Court. Heard in the Court of Appeals 23 April 2007.

*Attorney General Roy Cooper, by Assistant Attorney General Rudy Renfer, and Assistant Attorney General William B. Crumpler, for the State.*

*Charlotte Gail Blake for defendant-appellant.*

STEELMAN, Judge.

The arresting Officer had probable cause to stop defendant's vehicle, and thus the trial court properly denied defendant's motion to suppress the stop and the evidence procured as a result of the subsequent search of the vehicle.

On 28 February 2004, Officer Greg Jones of the Bryson City Police Department was on duty around 1:00 in the morning traveling on Main Street, a three lane road. There were two lanes in Officer Jones' direction of travel and one lane in the opposite direction. Directly in front of Officer Jones' patrol vehicle and proceeding in the same direction as Officer Jones was a vehicle operated by Christopher Don Styles ("defendant"). Defendant changed lanes without signaling. Officer Jones stopped defendant's vehicle, approached the driver's side door, and made verbal contact with defendant. Officer Jones immediately detected an odor of marijuana about defendant's person. Defendant declined to consent to a search of his vehicle. Officer Jones then

deployed a drug dog which was in his patrol vehicle. The dog indicated that narcotics were present in or on the vehicle. Officer Jones then initiated a search of the interior of defendant's vehicle. He discovered a small amount of marijuana and a pipe. Officer Jones placed defendant under arrest. A subsequent pat-down search of defendant's person revealed methamphetamine.

On 29 June 2005, defendant was indicted for possession of schedule II controlled substances, drug paraphernalia, and marijuana. On 24 October 2005, defendant filed a motion to suppress all evidence obtained as a result of the stop of defendant's vehicle. On 31 October 2005, Judge Cornelius denied defendant's motion. Defendant pled guilty to all of the charges on that same day, expressly reserving the right to appeal the denial of his motion to suppress under N.C. Gen. Stat. § 15A-979(b). The trial court sentenced defendant to 6-8 months imprisonment. This sentence was suspended and defendant was placed on supervised probation for 18 months. Defendant appeals the trial court's denial of his motion to suppress.

**[1]** In his sole argument on appeal, defendant contends that the trial court erroneously denied his motion to suppress. We disagree.

Our review of a motion to suppress is limited to determining whether the trial court's findings of fact were supported by competent evidence, in which event they are binding on appeal, and whether those findings support the trial court's conclusions of law. *State v. Cooke*, 306 N.C. 132, 134, 291 S.E.2d 618, 619 (1982). The trial court's conclusions of law are reviewable *de novo*. *State v. Brooks*, 337 N.C. 132, 141, 446 S.E.2d 579, 585 (1994).

Defendant was stopped for the violation of N.C. Gen. Stat. § 20-154(a):

The driver of any vehicle upon a highway or public vehicular area before starting, stopping or turning from a direct line shall first see that such movement can be made in safety . . . and whenever the operation of any other vehicle may be affected by such movement, shall give a signal as required in this section, plainly visible to the driver of such other vehicle, of the intention to make such movement.

N.C. Gen. Stat. § 20-154(a) (2005). N.C. Gen. Stat. § 20-154(a) has been held to apply to the type of movement defendant made here: changing lanes. *See Sass v. Thomas*, 90 N.C. App. 719, 723, 370 S.E.2d 73, 75-6 (1988).

In the instant case, defendant assigns error to the following findings of fact:

> The officer did at that point stop the vehicle for an investigatory stop.
>
> The Court will find that the stop by the officer was an investigatory stop in regards to a moving violation that he observed committed in his presence.
>
> That he had probable cause to stop the vehicle.

A "traffic stop based on an officer's [reasonable] *suspicion* that a traffic violation is being committed, but which can only be verified by stopping the vehicle, such as drunk driving or driving with a revoked license, is classified as an investigatory stop . . . ." *State v. Wilson*, 155 N.C. App. 89, 94, 574 S.E.2d 93, 98 (2002) (alteration and emphasis in original) (quotation omitted). However, a stop pursuant to a readily observed traffic violation will be valid if it was supported by probable cause. *State v. Barnhill*, 166 N.C. App. 228, 231, 601 S.E.2d 215, 217 (2004). Probable cause exists when, based upon the facts and circumstances within his knowledge, a reasonably prudent law enforcement officer believes that the defendant has or was committing a traffic violation. *State v. Hernandez*, 170 N.C. App. 299, 306, 612 S.E.2d 420, 425 (2005).

It is clear from the trial court's findings of fact that defendant was traveling immediately in front of Officer Jones. Defendant changed lanes without signaling. Because he readily observed a violation of N.C. Gen. Stat. § 20-154(a), Officer Jones had probable cause to stop defendant's vehicle.

Defendant contends that the trial court's findings of fact regarding an "investigatory stop" were unsupported by the evidence, and that because the only reason for the stop was an alleged traffic violation, no investigatory stop could be made. The trial court's mention of an "investigatory stop" was in fact erroneous because Officer Jones' stop of defendant was based upon a readily observed traffic violation, requiring that Officer Jones have probable cause instead of a reasonable suspicion to stop defendant. However, " 'irrelevant findings in a trial court's decision do not warrant a reversal of the trial court.' " *Hernandez*, at 305, 612 S.E.2d at 424 (citing *Goodson v. Goodson*, 145 N.C. App. 356, 360, 551 S.E.2d 200, 204 (2001)). We have already determined that the trial court properly found that Officer Jones had prob-

able cause to stop defendant. Therefore, the trial court's findings regarding an "investigatory stop" do not warrant a reversal of the trial court.

The trial court made the following conclusions of law:

State and constitutional rights were not violated in this investigatory stop.

That there was probable cause for the stop and probable cause for the arrest, and the motion to suppress is denied.

The trial court's conclusions of law must reflect a correct application of the law to the facts found. *Barnhill*, at 230-31, 601 S.E.2d at 217. As the trial court erroneously concluded that an investigatory stop occurred without violation of defendant's State and federal constitutional rights, we must apply the correct standard and determine whether defendant's State and federal constitutional rights were violated in the stop, applying the probable cause standard. *See id.* at 231, 601 S.E.2d at 217.

Probable cause exists where a reasonable law enforcement officer readily observes a traffic violation. *See Hernandez*, at 306, 612 S.E.2d at 425. In the instant case, Officer Jones had probable cause to stop and search defendant's car. Therefore, neither defendant's State nor federal constitutional rights were violated. *See State v. Frederick*, 31 N.C. App. 503, 506-07, 230 S.E.2d 421, 423 (1976).

The trial court's findings of fact were supported by competent evidence and those findings support the trial court's conclusions of law. "As a result, [Officer Jones'] stop did not violate defendant's right to be free from unreasonable search and seizure. Since the stop was valid, any evidence which resulted from the stop need not be suppressed." *Barnhill*, at 233, 601 S.E.2d at 219.

Defendant argues that this case is controlled by the recent North Carolina Supreme Court case of *State v. Ivey*, 360 N.C. 562, 633 S.E.2d 459 (2006). In *Ivey*, our Supreme Court held that an Officer did not have probable cause to stop the defendant for violation of N.C. Gen. Stat. § 20-154(a) when the defendant's maneuver could not have affected the Officer or any other vehicle. *Id.* at 565, 633 S.E.2d at 461-62. The defendant in *Ivey* was making a right-hand turn at an intersection where he could only turn right. *Id.* at 563, 633 S.E.2d at 460. The facts of the instant case are readily distinguishable. Defendant was traveling immediately in front of Officer Jones on a

road containing two lanes in his direction of travel. Defendant changed lanes without signaling, which affected the operation of Officer Jones' vehicle, which was proceeding immediately behind defendant. "Because of the violation[] of [this] traffic law[], the officer[] had probable cause to stop the vehicle[] . . . ." *State v. McClendon*, 350 N.C. 630, 636, 517 S.E.2d 128, 132 (1999). This assignment of error is without merit.

[2] Assignments of error listed in the record but not argued in defendant's brief are deemed abandoned. N.C. R. App. P. 28(b)(6) (2007).

AFFIRMED.

Chief Judge MARTIN concurs.

Judge STEPHENS dissents in a separate opinion.

STEPHENS, Judge, dissenting.

Because I do not conclude that Officer Jones had probable cause to stop Defendant's vehicle, I respectfully dissent.

At the hearing on Defendant's motion to suppress, the trial court made only two findings of fact that could support its conclusion that Officer Jones had probable cause to stop: (1) that Officer Jones "observed a vehicle being operated by the defendant immediately in front of him[]" and (2) "[t]hat [Defendant's] vehicle changed lanes in front of the officer without signaling a change." The only evidence supporting these findings is one exchange between the prosecutor and Officer Jones:

Q. Okay. And what attracted your attention to the vehicle operated by Mr. Styles?

A. Upon getting behind the vehicle in question, the defendant had changed lanes and failed to signal. That's why I stopped the vehicle.

This evidence arguably supports the trial court's finding that Defendant "changed lanes in front of [Officer Jones] without signaling a change." This evidence does not, however, support the court's finding that Defendant's vehicle was "immediately" in front of Officer Jones, nor do the findings support the court's conclusion that Officer Jones "had probable cause to stop [Defendant]."

It is settled that, under N.C. Gen. Stat. § 20-154(a), "[t]he duty to give a statutory signal of an intended . . . turn [or lane change] does not arise in any event unless the operation of some 'other vehicle may be affected by such movement.' " *Cooley v. Baker*, 231 N.C. 533, 536, 58 S.E.2d 115, 117 (1950). "[F]ailure to give a signal, in and of itself, does not constitute a violation of N.C.G.S. § 20-154(a) . . . ." *State v. Ivey*, 360 N.C. 562, 566, 633 S.E.2d 459, 462 (2006).

The majority concludes without explanation that Defendant's lane change "affected the operation of Officer Jones' vehicle[.]" Officer Jones offered no such testimony, and the trial court made no such finding. On the contrary, Officer Jones testified that there was nothing "erratic" about Defendant's movement from one lane to the other. Furthermore, the State offered no evidence that there was any other automobile traffic on the road at the early morning hour when Defendant and Officer Jones were traveling down Main Street in Bryson City. Therefore, I cannot conclude from the evidence in the record that "a reasonable officer would have believed, under the circumstances of the stop, that defendant's actions violated subsection 20-154(a)[.]" *Id.* at 565, 633 S.E.2d at 461.

I can *imagine* factual circumstances under which the movement of one's vehicle from one lane to another without signaling could affect the safe operation of another vehicle traveling in the same direction. Just as easily, I can imagine factual circumstances under which a lane change would have absolutely no effect on the operation of other vehicles traveling in the same direction. Here, the evidence not only fails to establish that the former factual circumstance was created when Defendant changed lanes in front of Officer Jones, it is patently insufficient to permit even an inference of such. When constitutional rights and protections are involved, I will not presume a violation of the law to give Officer Jones probable cause.

The mere fact that Officer Jones, while traveling "behind" Defendant on a road with two lanes of traffic headed in the same direction, observed Defendant change lanes without signaling did not give Officer Jones probable cause to stop Defendant. Thus, I would reverse the ruling of the trial court on Defendant's motion to suppress.